STATE OF NORTH CAROLINA v. WINFORD WAYNE BAILEY

No. 6926SC80

(Filed 30 April 1969)

1. Criminal Law § 71— evidence competent as shorthand statement of fact

In this prosecution for an attempt to commit common-law robbery, testimony by the prosecutrix that defendant had his hand in his pocket and "it looked like he had a gun" *is held* competent as a shorthand statement of fact.

2. Criminal Law § 116— instructions — failure of defendant to testify

In this prosecution for an attempt to commit common-law robbery, the trial court committed no error in instructing the jury that the failure of defendant to testify "does not raise any presumption against him." G.S. 8-54.

3. Robbery § 1— common-law robbery defined

Common-law robbery is the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation; absent the elements of violence or intimidation, the offense becomes larceny.

4. Criminal Law § 115— necessity for submission of lesser degrees of crime charged

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed.

**5. Robbery § 5— attempt to commit common-law robbery — necessity for submission of attempted larceny**

In this prosecution for an attempt to commit common-law robbery, the trial court was not required to submit the issue of defendant's guilt of the lesser offense of an attempt to commit larceny where the State's evidence shows all the elements of an attempt to commit robbery and there is no conflicting evidence, the mere contention that the jury might accept part of the State's evidence and reject that part which tends to show violence or intimidation being insufficient to require submission of the lesser offense.

**6. Criminal Law §§ 6, 111— instructions — defense of intoxication**

In this prosecution for an attempt to commit common-law robbery, the trial court did not err in failing to instruct the jury as to the defense of intoxication where there was evidence that defendant had been drinking but there was no evidence that he was intoxicated.

**7. Criminal Law § 3— attempt to commit crime**

An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission.

**8. Robbery § 5— instructions — attempt to commit common-law robbery**

In this prosecution for an attempt to commit common-law robbery, the court properly and adequately charged the jury that they must find both that the defendant had the specific intent to commit the crime of common-law robbery and that he committed a direct but ineffectual act toward the commission of that crime.

**9. Robbery §§ 4, 6— attempt to commit common-law robbery — sufficiency of evidence**

In order to sustain a conviction of an attempt to commit common-law robbery, the jury need not find that the victim was actually intimidated by defendant's words and actions and that his fear was reasonably induced thereby, the State being required merely to show that defendant had the intent to commit the crime and had committed a direct but ineffectual act toward its commission.

**10. Robbery § 6— attempt to commit common-law robbery — punishment**

Sentence of seven to ten years is supported by a verdict of guilty of an attempt to commit common-law robbery, an attempt to commit the offense of common-law robbery being an infamous crime which by virtue of G.S. 14-3(b) has been converted into a felony punishable as prescribed in G.S. 14-2.

APPEAL by defendant from *Falls, J.,* September 1968 Criminal Session of MECKLENBURG Superior Court.

Defendant was tried on his plea of not guilty to an indictment, proper in form, charging him with robbery from the person of one Ruby Welch Deese.

Evidence favorable to the State tended to show: On 9 August 1968 Mrs. Deese was employed as assistant manager on duty at the Little General Store on Shamrock Drive in Charlotte, N. C. About 10:00 p.m. the defendant entered the store, picked up a six-pack of beer and a carton of cigarettes, and laid them on the counter. The only persons in the store at the time were Mrs. Deese and the defendant. Defendant told Mrs. Deese: "Get the keys and lock the door, then do exactly as I say and you won't get hurt." Mrs. Deese testified that as defendant said this, he kept his hand in his pocket in such a way that "it looked like he had a gun." Mrs. Deese then went to the door and turned the key so that the door appeared to be locked, but she did not actually lock it. Defendant then said to her: "Come back to the cash register and open the drawer. Get a brown paper bag and put all the money in it." Mrs. Deese testified that in response to this direction she took the money out of the cash register and put it in the paper bag "because he ordered it. He still had that right hand in his pocket . . . I expected him to start shooting." While she was putting the money in the bag, defendant said: "That is your car out there, isn't it? Give me your keys." As Mrs. Deese was placing the money with her car keys on the counter, Mr. Wilson, a customer, started to enter the store. Defendant pushed this customer out and announced that the store was closed. While this occurred, Mrs. Deese attempted to signal to the customer that she was being robbed. The customer walked back to his car, but almost immediately thereafter returned, entered through the door, and asked Mrs. Deese if she carried licorice candy. Mrs. Deese replied that she did not, and at the same time again signaled to the customer that she was being robbed. The customer then seized the defendant, threw him to the floor, and held him until the police arrived. No weapon was found on the defendant. Defendant did not offer any evidence.

The jury returned a verdict of guilty of an attempt to commit common-law robbery. From judgment imposing sentence of seven to ten years in the State's Prison, defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General Parks H. Icenhour, Roy A. Giles, Jr., and Rafford E. Jones, for the State.*

*Childers & Fowler, by Max L. Childers for defendant appellant.*

PARKER, J.

[1]    Defendant assigns as error the trial court's ruling allowing the State's witness, Mrs. Deese, to testify that the defendant had

his hand in his pocket and "it looked like he had a gun." Defendant contends this was error in that it permitted the witness to testify to a conclusion. It is not unusual, however, that the customary speech patterns of a witness may be such that the only reasonable method for the particular witness to transmit his observations to the jury is by the statement of what may be technically considered a conclusion or opinion. Such shorthand statements of facts have been long recognized as competent. *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21; Stansbury, N.C. Evidence 2d, § 125, p. 285. While in the present case it may have been possible for one skilled in the use of descriptive language to portray otherwise the appearance created by defendant's hand while thrust in his pocket, nevertheless the most practical method was the one employed by the witness. Her words conveyed to the jury an accurate description of what she actually saw, and no unfairness to defendant resulted in permitting her statement to stand. This assignment of error is overruled.

[2]     Defendant next assigns as error the court's instruction to the jury that the failure of defendant to testify "does not raise any presumption against him." In this connection defendant contends that the judge should have used the word "inference" instead of the word "presumption," and that he was prejudiced thereby. There is no merit to this contention. G.S. 8-54 expressly provides that a defendant in a criminal proceeding is, "at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any *presumption* against him." (Emphasis added.) Denny, J. (later C.J.), speaking for the Court in *State v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733, called attention to the fact that "the failure of a defendant to go upon the witness stand and testify in his own behalf should not be made the subject of comment, except to inform the jury that a defendant may or may not testify in his own behalf as he may see fit, and his failure to testify 'shall not create any *presumption* against him.'" (Emphasis added.) It may be noted that the word "presumption" as used in G.S. 8-54 is equivalent to what is at present generally understood by the word "inference." Stansbury, N.C. Evidence 2d, § 56, p. 117, and § 215, p. 550. In the present case the trial court committed no error in using the exact word employed in the statute.

[3-5]     Under the trial court's instructions, the case was submitted to the jury on the single issue of defendant's guilt or innocence of an attempt to commit common-law robbery. Defendant contends there was error in the court's failure to charge the jury as to the lesser offense of an attempt to commit larceny. In support of this

contention, defendant argues that there was no evidence of any act of violence on his part and that the jury might find from the State's evidence that the witness Deese was not actually put in fear by any action of the defendant, or that her fear, if it existed, did not have a reasonable basis, and that such a finding would remove one of the essential elements of the crime of robbery. It is true that robbery, a common-law offense not defined by statute in North Carolina, is merely an aggravated form of larceny, *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595, and has been defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation." *State v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410. Absent the elements of violence or intimidation, the offense becomes larceny. It is also true that under G.S. 15-170 a defendant in a criminal action "may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." However, "(t)he necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. In the present case, the State's evidence did not show a completed robbery but did show all elements of an attempt to commit a robbery. There was no conflicting evidence. It will not suffice to argue, as does the defendant, that the jury might accept part of the State's evidence but reject that portion of Mrs. Deese's testimony in which she testified that she complied with defendant's demands to hand over money because he ordered it and "it looked like he had a gun," and "I expected him to start shooting." The court properly submitted the case to the jury on the single issue as to defendant's guilt or innocence of the offense of an attempt to commit common-law robbery.

**[6]**    Appellant also contends that the trial court erred in failing to charge the jury as to the defense of intoxication. However, there was no evidence upon which to base instructions on the defense of intoxication. There was evidence that defendant had been drinking, but in the light most favorable to him there was no evidence that he was intoxicated.

**[7-9]** Finally, appellant contends that there was error in the charge in that the court did not instruct the jury that in order to convict, the State must show beyond a reasonable doubt that the fear of the victim must have been reasonably induced, and that the defendant did some overt act which would have resulted in final completion of the robbery had defendant not been stopped. "An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission." *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880. "An attempt has two elements: a specific intent to commit a particular crime, and a direct ineffectual act toward its commission. In other words, there must be unity of intent and overt act." 21 Am. Jur. 2d, Criminal Law, § 110, p. 189. Tested by these principles, the court properly and adequately charged the jury in the present case that they must find both that the defendant had the specific intent to commit the crime of common-law robbery and that he had committed a direct but ineffectual act toward the commission of that crime. While the evidence would have amply supported a jury finding that the prosecuting witness had been actually intimidated by the defendant's words and actions and that her fear was reasonably induced thereby, such findings were not required in order to sustain defendant's conviction of the offense of an attempt to commit common-law robbery. The State was merely required to show that defendant had the intent to commit the crime and had committed a direct but ineffectual act toward its commission. Had defendant succeeded in carrying out his intent, he would have been guilty of carrying out the completed robbery, rather than of an attempt to commit it. There was no error in the judge's charge.

**[10]** Finally, it should be observed that while at common law an attempt to commit a felony was a misdemeanor, *State v. Stephens,* 170 N.C. 745, 87 S.E. 131, our Supreme Court has held that an attempt to commit the offense of common-law robbery is an infamous crime, *State v. McNeely,* 244 N.C. 737, 94 S.E. 2d 853, and by virtue of G.S. 14-3(b) has been converted into a felony punishable as prescribed in G.S. 14-2. Therefore, the sentence imposed in the present case is supported by the verdict.

In the entire trial we find

No error.

MALLARD, C.J., and BRITT, J., concur.