STATE OF NORTH CAROLINA v. GREGORY FRAZIER

No. 708SC457

(Filed 16 December 1970)

Robbery § 5— common-law robbery — submission of lesser included offense
Where all of the State's evidence tended to show a completed common-law robbery of $156 from the victim's person as she came out of a laundromat, the trial court was not required to instruct the jury as to a lesser included offense.

APPEAL by defendant from *Bundy, J.,* 12 January 1970 Session of LENOIR County Superior Court.

Defendant was tried upon his plea of not guilty to an indictment, proper in form, charging him with the offense of common law robbery. The jury returned a verdict of guilty and from judgment imposed upon the verdict defendant appealed.

*Robert Morgan, Attorney General, by Roy A. Giles, Jr., Staff Attorney, for the State.*

*Aycock, LaRoque, Allen, Cheek & Hines by F. Fred Cheek, Jr., for defendant appellant.*

GRAHAM, Judge.

The sole assignment of error brought forward and argued by defendant is based upon the failure of the trial court to submit to the jury the issue of defendant's guilt of lesser included offenses. This assignment of error is overruled.

"The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence,

there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545.

In the present case the prosecuting witness testified that she was attacked by defendant and another man as she came out of a Launderama near the Winn-Dixie Shopping Center in Kinston. She stated that defendant grabbed her around the throat and told her not to scream. He also hit her on the chin and knocked her down. While she was on the pavement defendant and his companion removed her pocketbook from her arm and fled. The pocketbook contained $156 and other personal articles of value. This evidence tends to show a completed robbery. Defendant did not testify and no conflicting evidence relating to the incident described by the prosecuting witness was presented. Hence, it was not incumbent upon the court to instruct the jury as to a lesser included offense. *State v. Bailey*, 4 N.C. App. 407, 167 S.E. 2d 24.

No error.

Chief Judge MALLARD and Judge PARKER concur.