State v. Best

No. 718SC48

(Filed 26 May 1971)

1. Robbery § 5— armed robbery — submission of common law robbery

In a prosecution for attempted armed robbery, the trial court did not err in charging on attempted common law robbery where the State's evidence was conflicting as to whether defendant knew before the attempted robbery that an accomplice had a gun and was going to use it in the robbery.

2. Constitutional Law § 29; Criminal Law § 98— right to jury trial — defendant ordered into custody during recesses

Fact that the court ordered defendant into custody during recesses of the trial does not indicate that defendant was being penalized or punished for exercising his constitutional right to a jury trial.

3. Constitutional Law § 29; Criminal Law § 138— right to jury trial — determination of punishment — testimony by accomplice

The fact that the trial court received testimony of accomplices for the purpose of imposing punishment does not signify that defendant was being penalized or punished for exercising his right to a trial by jury.

---

State v. Best

---

4. **Constitutional Law § 29; Criminal Law § 170— right to jury trial — imposition of sentence — remark by court**

   Trial court's remark, prior to imposition of an active prison sentence, that "The first step in rehabilitation is an admission of guilt" was not a sign that the court was penalizing or punishing defendant because of his plea of not guilty.

5. **Arrest and Bail § 9; Constitutional Law § 29; Criminal Law § 151 — appeal bond — right to jury trial**

   The fact that after defendant was sentenced and gave notice of appeal he was ordered held in custody until he posted a $4,000 appearance bond does not show that he was being penalized for having pleaded not guilty.

6. **Constitutional Law § 29; Criminal Law § 138 — probationary sentence for accomplice — active sentence for defendant**

   Fact that an accomplice who pleaded guilty to attempted common law robbery received a probationary sentence while defendant received an active sentence upon being found guilty of the same crime by a jury does not disclose that defendant was being penalized or punished for pleading not guilty.

APPEAL by defendant from *Copeland, Judge,* 7 July 1970 Session of Superior Court held in WAYNE County.

The defendant, Milton Best, was tried on a bill of indictment charging him with attempted robbery with firearms or other dangerous weapons.

The evidence for the State tended to show that Mr. and Mrs. Jamie Lee Taylor operated a grocery store and fish market on Highway #117, south of Goldsboro. On 25 April 1969 at about 10:30 p.m., they were closing the store. Mr. Taylor was restocking a soft drink box, and Mrs. Taylor was standing behind the counter at the cash register when four boys walked in. The defendant Best was one of them. A Pepsi-Cola was ordered, and Mr. Taylor put it on the counter. Someone threw a quarter on the counter top, and as Mrs. Taylor reached to pick it up, Mitchell L. Bright, one of the four, pointed a gun at her and demanded money. Mrs. Taylor testified:

> "I said I don't have any money and I dropped under the counter and reached for my gun in the drawer and pulled out my gun and when I did they left. * * * They all ran out the door and I handed my husband the gun and told him to shoot them."

Bright, a witness for the State, testified that he left a place called the Playboy Club with defendant Best and the two other boys. All four of them discussed robbing Taylor's store and all agreed to rob it. Bright stated that "Milton Best first suggested going into the store." His testimony was conflicting as to whether the defendant had knowledge that he had a gun or was planning to use a gun in the robbery before they entered the store. Bright also testified:

> "In answer to your question 'Mitchell, when you took the gun out in the car were either of the defendants, Earl Rodgers or Milton Best, in the car?', my answer is 'Yes sir.'
>
> Q. Did they see the gun?
>
> A. Yes sir, both of them."

Defendant offered no evidence.

The jury returned a verdict of guilty of attempted common-law robbery, and from a judgment of imprisonment for a term of not less than four nor more than five years, with a recommendation that this sentence be served in a youthful offenders' camp, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Price for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

MALLARD, Chief Judge.

Defendant assigns as error the refusal of the trial court to sustain his motion for nonsuit. There was ample evidence to require submission of this case to the jury, and this assignment is overruled.

[1] Defendant also assigns as error certain portions of the charge. He contends that the court improperly charged the jury on the offense of attempted common-law robbery and asserts that there was no evidence as a basis for such a charge. He contends that the evidence in the record supports only a charge of attempted armed robbery. We do not agree. The evidence of the State's witness Bright was conflicting on whether defendant Best knew that he, Bright, had a firearm before the four of

them entered the store and whether defendant Best had knowledge that a firearm was to be used in the robbery. The robbery they had planned was not completed and ended as an attempt to rob. Therefore, it was proper for the judge to instruct the jury on an attempt to commit common-law robbery in addition to attempted robbery with firearms [see *State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24 (1969)]. Moreover, in *State v. Quick,* 150 N.C. 820, 64 S.E. 168 (1909), the Supreme Court said:

> "Suppose the court erroneously submitted to the jury a view of the case not supported by evidence, whereby the jury were permitted, if they saw fit, to convict of manslaughter instead of murder, what right has the defendant to complain? It is an error prejudicial to the State, and not to him."

See also *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950).

As to the defendant's other exceptions to the charge, it is said in *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971), that "[a] charge must be construed contextually, and isolated portions of it will not be held prejudicial when the charge as a whole is correct." When the charge in the case at bar is thus considered, we find no prejudicial error.

The defendant contends that the trial court imposed punishment on him "because of his plea of not guilty and demand for trial by jury." He argues that this was evidenced when (1) the court ordered him into custody during recesses of the trial; (2) after conviction, the court received testimony of accomplices for the purpose of imposing punishment; (3) after hearing defendant's plea of leniency, the judge remarked, "The first step in rehabilitation is an admission of guilt"; (4) ordered defendant into custody of the Department of Correction until he was released on $4,000 bail pending appeal; and (5) gave the State's witness Bright a seven-to-ten-year prison sentence and put him on probation after Bright had subsequently entered a plea of guilty to attempted common-law robbery. These contentions are without merit.

It is elementary that upon a plea of not guilty, the only way for a person charged with crime to be tried in the superior courts of this State is by jury. Therefore, one does not have to "demand" a jury trial in a criminal case in superior court.

State v. Best

[2] The record does not reveal why the judge ordered the defendant into custody. The defendant does not contend that this was done in the presence of the jury or that the jury knew whether or not he was in custody. Neither is it contended that ordering the defendant into custody constituted an unwarranted burden upon him and his counsel in the conduct of the case. In 8 Am. Jur. 2d, Bail and Recognizance, § 25, it is said:

> "It is the general rule in the states that the trial court has the right, in its discretion, to order a defendant who has been at large on bail into custody during the trial, or during recess, even though the offense of which the defendant is charged is bailable. * * *"

And in 23 C.J.S., Criminal Law, § 977, it is stated: "It is within the discretion of the trial court whether the accused should be placed in custody." See also *State v. Mangum,* 245 N.C. 323, 96 S.E. 2d 39 (1957), and *State v. Smith,* 237 N.C. 1, 74 S.E. 2d 291 (1953). In *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371 (1968), Justice Sharp said:

> "Historically, the presumption has been that a judge will act fairly, reasonably, and impartially in the performance of the duties of his office, *State v. Young, supra.* Our entire judicial system is based upon the faith that a judge will keep his oath. 'Unless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.' 1 N. C. Index 2d, Appeal and Error § 46 (1967). Since, however, *all* judges are human, from time to time one or more will err. Notwithstanding, we have no choice but to make men judges. Judge Curtis Bok, in his book, *I Too Nicodemus,* said that the real crime of criminals was that they 'have made it necessary to judge them and have so tarnished those who do it.' So long as errants make it necessary for other men to judge them it is best to indulge the presumption that a judge will do what a judge ought to do. Actually we have no other choice. Furthermore, men seek to justify the confidence they believe to be reposed in them.
>
> It would demean the entire judiciary for the appellate branch to assume that trial judges—who bear the brunt of the administration of justice and from whose ranks so many ascend to courts of last resort—will penalize with 'harsher' sentences one who appeals or exercises a constitutional right

which entitles him to a new trial. In our lexicon a sentence is harsh only when it exceeds merited punishment."

The presumption is that Judge Copeland exercised a proper discretion in ordering the defendant into custody. The record does not indicate that the defendant was penalized or punished for exercising a constitutional right to trial by jury.

[3] The fact that the trial court received evidence of accomplices does not signify that the defendant was being penalized or punished for exercising his right to a trial by jury. The court is permitted wide latitude on the question of punishment, and the rules of evidence will not be strictly enforced. *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591 (1965) ; *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962).

[4] The record shows that after the jury returned its verdict, the experienced trial judge heard evidence on the question of punishment and heard the defendant's plea for leniency. Subsequently, and before imposing an active prison sentence, the trial judge remarked, "The first step in rehabilitation is an admission of guilt." Such a philosophical remark was gratuitous and could have been left unsaid, but while it is some indication of the contemplated judgment, it was not a sign that the judge was penalizing or punishing the defendant because of his plea of not guilty.

[5] The fact that after defendant was sentenced and gave notice of appeal he was ordered held by the Department of Correction until he posted a $4,000 bond, does not show he was being penalized for having pleaded not guilty. A $4,000 appearance bond for one who has been sentenced to prison for a term of not less than four nor more than five years is not excessive.

[6] Because the judge later gave the State's witness Bright a seven-to-ten-year prison sentence and put him on probation after he had pleaded guilty to attempted common-law robbery, does not disclose that the defendant Best was being penalized or punished for pleading not guilty. The rule with respect to different punishments is stated in 3 Strong, N. C. Index 2d, Criminal Law, § 138, p. 63, as follows:

"The fact that others tried on similar charges are given shorter sentences is not ground for legal objection, the punishment imposed in a particular case, if within

statutory limits, being within the sound discretion of the trial judge."

An attempt to commit robbery is an infamous crime. *State v. McNeely*, 244 N.C. 737, 94 S.E. 2d 853 (1956). The sentence imposed on this defendant was not excessive under the provisions of G.S. 14-3 and G.S. 14-2. *State v. Bailey, supra.* It would be an exercise in futility for this court to delve into the mental processes by which Judge Copeland decided to impose an active prison sentence on this defendant. The defendant's attempts to assign improper motives to the lawful procedures, statement, and actions of Judge Copeland in sentencing this defendant are without merit.

In the trial of the defendant, we find no prejudicial error.

No error.

Judges PARKER and VAUGHN concur.