STATE OF NORTH CAROLINA v. CHARLES VINCENT MONTGOMERY

No. 7126SC435

(Filed 4 August 1971)

Robbery § 4— common law robbery — permanent intent to deprive owner of property — sufficiency of evidence

   In a prosecution charging defendant with common law robbery, evidence that defendant's friend forcibly took a pistol from a storekeeper's hand while the defendant was hitting the storekeeper over the head with a boat paddle and that the storekeeper never saw the pistol again *is held* sufficient to support a jury finding that the defendant and his friend intended to permanently deprive the storekeeper of the pistol, notwithstanding defendant's contention that their immediate purpose was to disarm the storekeeper so that he could not use the pistol against them.

APPEAL by defendant from *Hasty, Judge,* 30 November 1970 Schedule "A" Criminal Session of Superior Court held in MECKLENBURG County.

Indictment: Common-law robbery. Plea: Not guilty. The State introduced evidence to show: About 3:55 p.m. on 9 July 1970 storekeeper Arthur Louis Frazier was standing behind the counter at the cash register in Frazier's Grocery on Beatties Ford Road in Mecklenburg County. The only other person in the store at the time was his employee, Mike Booker, who was leaning against the drink box about twenty feet away from the cash register. Four boys entered the store and went toward the back of the store. One of the boys struck Booker in

the head with his fist. On seeing this, Frazier picked up a loaded pistol from beside the cash register. Before he could get his finger in the trigger hole, one of the boys struck him twice across the head with a boat paddle taken from the store's stock. The four boys then jumped across the counter on top of Frazier, who had the pistol in his hand but still did not have his finger in the trigger hole. Frazier was holding the gun pointed down to keep from shooting himself. The boys took the gun away from Frazier and then ran out of the store. The pistol was valued at $40.00 and Frazier has not seen it since. After the boys left, Frazier went to the hospital where his wounds required over 100 stitches. A fingerprint expert testified that he found a fingerprint of defendant's right ring finger on the paddle which had been used to hit Frazier. After defendant was arrested, he voluntarily signed a waiver of his constitutional rights and made a voluntary statement, which was reduced to writing by an officer and signed by defendant, and which was as follows:

"I, the undersigned, Charles Vincent Montgomery, of 2133 Holly St., Charlotte, N. C., being 17 years of age, born at Charlotte, N. C. on 8-13-52, do hereby make the following statement to L. S. Mathis, he having first identified himself as a Mecklenburg County Police Officer, knowing that I may have an attorney in my behalf present and that I do not have to make any statement nor incriminate myself in any manner. I make this statement voluntarily, of my own free will, knowing that such statement may later be used against me in any court of law, and I declare that this statement is made without any threat, coercion, offer of benefit, favor or offer of favor, leniency or offer of leniency by any person or persons whomsoever.

"I parked the car on Grier Grove Rd. and walked up Beatties Ford Rd. towards Frazier's Grocery, then Ike (Isaac Harris) said, 'He hadn't forgotten what that man did to him.' We walked inside Frazier's Grocery on Beatties Ford Road, Jerry and Ike were next xx (LSM) to the white boy in the store, when Jerry or Ike hit the white boy. I don't know which one hit him first. Flattop (David Larry Brooks) and Pablo (William Henry Richardson) and myself stayed in the store as if we did not know the boys that had hit the white boy. After Ike and Jerry hit the white boy they ran from the store. When the man behind the

counter pulled a gun I hit him with a boat paddle to keep him from shooting us. Pablo took the gun from the man. We all ran from the store back to xx (LSM) my car."

Defendant testified in substance as follows: On 9 July 1970 he and four other boys went to Frazier's store to get a carton of orange juice. The boy leaning on the drink box would not move when Pablo asked him to move. Pablo hit the boy with his hand. The boys got the orange juice and were walking toward the front when Mr. Frazier pulled out a gun. Jerry Johnson hit Frazier with the paddle and Pablo took the gun from Frazier. Defendant did not know what Pablo did with the gun, but he didn't have it afterwards. Defendant stopped Johnson from hitting Frazier any more, and defendant's fingerprints got on the paddle when he did so. Defendant admitted that he signed the statement which the State had introduced in evidence, but denied that he had done so voluntarily, stating that he had asked and been denied permission to call his mother so that he could get an attorney, that he was beaten by the officers so that his mouth was bruised and bleeding and a tooth chipped, and that he signed the statement only to stop the officers from beating him.

The State presented rebuttal evidence tending to show that defendant had not asked to call his mother, had not requested an attorney, and had not been beaten.

The jury found defendant guilty of common-law robbery. From judgment on the verdict imposing a prison sentence for a term of four years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General I. B. Hudson, Jr., for the State.*

*Charles V. Bell for defendant appellant.*

PARKER, Judge.

Defendant assigns as error the denial of his motion for nonsuit on the charge of common-law robbery. In this connection he contends that the pistol was taken only to disarm Frazier and the evidence was insufficient to support a finding that it was taken with any felonious intent permanently to deprive the owner of his property. Even assuming, however, that the takers' immediate purpose may have been to disarm Fraizer so that

State v. Montgomery

the pistol could not be used against them, this is not inconsistent with an intent permanently to deprive the owner of his property. "When, in order to serve a temporary purpose of his own, one takes property (1) with the specific intent wholly and permanently to deprive the owner of it, or (2) under circumstances which render it unlikely that the owner will ever recover his property and which disclose the taker's total indifference to his rights, one takes it with the intent to steal *(animus furandi)."* State v. Smith, 268 N.C. 167, 150 S.E. 2d 194. While the evidence here does not disclose what ultimately became of the pistol, all of the evidence shows it was forcibly taken from Frazier's hand while he was being severely beaten on the head and that he has never seen the pistol since. On this evidence it was a permissible inference for the jury to draw that the takers of the pistol harbored an intent not only to disarm Frazier but also to deprive him permanently of his property. Considering the evidence in the light most favorable to the State, the jury could also legitimately find that defendant was present and was actively aiding and abetting when the pistol was taken. There was no error in denying his motion for nonsuit as to the charge of common-law robbery.

The trial court submitted to the jury an issue as to defendant's guilt of the lesser included offense of an assault inflicting serious injury. Under proper instructions, the jury found defendant guilty of the more serious offense of common-law robbery. In the charge we find no prejudicial error.

While defendant testified that the statement which he signed was not voluntary, no objection was made when it was introduced in evidence against him and he raises no question on this appeal concerning the admissibility of that statement.

In the entire trial we find

No error.

Judges BRITT and MORRIS concur.