STATE OF NORTH CAROLINA v. GRADY WILSON

No. 7226SC160

(Filed 26 April 1972)

1. **Robbery § 4— identification evidence — sufficiency**

   The State's evidence was sufficient to go to the jury on the question of defendant's identification as one of the persons who committed an armed robbery where the victim testified that he had occasionally seen defendant in a poolroom but did not know his name, that he left the poolroom with defendant and two other men and was in their company for 45 minutes to an hour before he was robbed by defendant and one of the men, that the victim again saw defendant in the poolroom a week later and notified the police, who arrested defendant, and the victim positively and unequivocally identified defendant at the trial as one of the robbers.

2. **Criminal Law § 2— proof of intent**

   Intent is a mental attitude which seldom can be proved by direct evidence but must ordinarily be proved by circumstances from which it may be inferred.

3. **Robbery § 4— armed robbery — felonious intent — sufficiency of evidence**

   Evidence tending to show that defendant placed a gun to the victim's head and stated, "all right, give it up," whereupon defendant's companion proceeded to remove money and other items from the victim's pocket, *held* sufficient to permit an inference that the money was taken with the intent on defendant's part to deprive the owner of the property permanently and to convert it to his own use.

4. **Criminal Law § 115— necessity for instructing on lesser included offenses**

   It is unnecessary to instruct the jury as to a lesser included offense where there is no evidence from which the jury could find that

the lesser included offense was committed, the mere contention that the jury might accept the State's evidence in part and reject it in part being insufficient to require such an instruction.

**5. Robbery § 5— failure to submit non-felonious larceny**

The evidence in an armed robbery prosecution did not require the court to submit to the jury the lesser included offense of non-felonious larceny.

APPEAL by defendant from *Martin, Judge,* 30 August 1971 Session of Superior Court held in MECKLENBURG County.

Defendant was tried under a bill of indictment, proper in form, charging him with the felony of armed robbery. The court instructed the jury that they could find defendant guilty of armed robbery, guilty of common law robbery or not guilty. The jury returned a verdict of "guilty of armed robbery." Defendant appeals from judgment entered on the verdict imposing a prison sentence of 12 years.

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Ray for the State.*

*Hamel & Cannon by Thomas R. Cannon for defendant appellant.*

GRAHAM, Judge.

Through his first assignment of error defendant challenges the sufficiency of the evidence, contending that it does not show that he was the person who allegedly robbed the prosecuting witness and that it is insufficient to establish the element of felonious intent. This assignment of error is overruled.

[1] The prosecuting witness, Richard Howard Doctor, testified that he saw defendant and two unidentified males at a poolroom in Charlotte on 7 May 1971. He had seen defendant on other occasions but did not know his name. Upon learning that Doctor had been in Charlotte only a short while, the three men offered to "show him around." The men rode to a play area near some apartments where they got out of the car and stayed for about 45 minutes to an hour. One of the men then suggested that they go to his girl friend's house in the Double Oaks section. The driver of the car took them to a place near Double Oaks school. They were to walk from there to the girl friend's house. Doctor described what thereafter took place as follows:

"This was about 9:00 or 9:15 p.m., and we were walking down through the school yard. It was very dark there and there weren't any lights around. The defendant, Wilson, pulled a chrome pistol, a 22 or 32, and put it to my forehead. I could see it in his hand, and I am sure it was a pistol. He held it directly to my temple and put pressure on it. Wilson then said 'all right, give it up,' and the other fellow went through my pockets. He, the other fellow, took my change, keys, and the bills in my wallet. I had at least $230.00 in my wallet at the time, because I started out that day with $278.00, which was my pay check plus the $10.00 I had, and I bought two shirts for $15.00, and I played a few games of pool."

The in-court identification testimony of the prosecuting witness was direct and unequivocal. No assertion is made that his testimony was in any way tainted by an illegal out-of-court identification or that any illegal out-of-court identification was made. On the contrary, the record shows that the out-of-court identification was made before defendant was placed in custody. The prosecuting witness testified: "I next saw Wilson about a week later. I had seen him in the poolroom, and I figured he would be back again, so every day when I got off work I went to the poolroom to see if I saw him, and one day I did. Then I went to the square, and told the policeman that the man who had robbed me was in the poolroom. Thereafter, that man was arrested." The witness also stated: "There is no doubt in my mind about Grady Wilson, because I remember him well having seen him before. I didn't know his name, but I had seen him in the poolroom occasionally."

Defendant's contention that this evidence was insufficient to go to the jury on the question of identification is totally without merit. His contention that the State failed to present sufficient evidence on the question of felonious intent is likewise without merit.

[2, 3] Intent is a mental attitude, which seldom can be proved by direct evidence, but must ordinarily be proved by circumstances from which it may be inferred. *State v. Little,* 278 N.C. 484, 180 S.E. 2d 17. Here the evidence tends to show that defendant placed a gun to the victim's head and stated "all right, give it up"; whereupon, defendant's companion proceeded to remove money and other items from the victim's pocket. This evidence

is sufficient to permit an inference that the money was taken with the intent on defendant's part to deprive the owner of the property permanently and to convert it to his own use. *State v. Montgomery,* 12 N.C. App. 94, 182 S.E. 2d 668.

**[4, 5]**  Defendant's final contention is that the court erred in failing to submit to the jury the lesser included offense of non-felonious larceny. It is unnecessary to instruct the jury as to an included offense of a lesser degree where there is no evidence from which the jury could find that the lesser included offense was committed. *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235. The mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice. *State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24. We find no evidence in this record, and defendant calls our attention to none, which would support a conviction for non-felonious larceny.

In the entire trial, we find

No error.

Judges CAMPBELL and BRITT concur.