STATE OF NORTH CAROLINA v. THOMAS MICHAEL HANFORD
— AND —
STATE OF NORTH CAROLINA v. JEFFREY MARTINDALE

No. 7215SC701

(Filed 25 October 1972)

1. Conspiracy § 3— conspiracy to commit felony

Conspiracy to commit a felony is a felony.

2. Conspiracy § 4; Property § 4— conspiracy to damage property by explosives — indictment

Indictment alleging that defendant wilfully, feloniously and maliciously conspired with named persons "to damage occupied real property by the use of an explosive device, to wit: the dwelling and residence of O. F. Hoggard while said dwelling was being occupied by Detective O. F. Hoggard, Mrs. O. F. Hoggard and their three (3) children" *held* sufficient to charge the offense punishable under G.S. 14-50.

3. Criminal Law § 33; Indictment and Warrant § 13— reliance on theory at preliminary hearing — solicitor's statement — admission of evidence not presented at preliminary hearing

Although defendant's motion for a bill of particulars had been denied upon the solicitor's statement that the State would rely on the theory of the case as disclosed in the preliminary hearing, the trial court did not err in the admission of testimony not presented at the preliminary hearing where defendant failed to object thereto and it was not shown that such evidence is inconsistent with the theory of the case in the preliminary hearing.

4. Constitutional Law § 33— co-defendant's refusal to testify

The trial court properly ruled that a co-defendant on trial could not be required over his own objection to testify as a witness for defendant. G.S. 8-54.

5. Arrest and Bail § 9— revocation of bail — discretion of court

The trial court acted within its discretion in revoking defendant's bail out of the jury's presence after the State had rested its case and court had adjourned for the day.

APPEAL from *McKinnon, Judge,* 23 February 1972 Session of Superior Court held in ALAMANCE County.

Defendants were charged with conspiring to damage property belonging to another by the use of explosive devices. The cases were consolidated for trial.

The State's evidence tended to show that, motivated by a desire to discourage certain State's witnesses from testifying

in a drug case then pending against defendant Martindale, Martindale agreed to pay John Smith $500.00 to take action against the witnesses. Smith went to Martindale's drug trial seeking a pistol to use on the witnesses. Discouraged from taking such action in the courtroom, Smith left and later returned carrying one stick of dynamite. The trial concluded that afternoon with Smith having taken no action and the witnesses in question both having testified. Smith was then driven by Martindale to Smith's home where he obtained four more sticks of the explosive. Both Smith and Martindale then drove to the home of a mutual friend where they met with defendant Hanford. Smith showed Hanford the explosive, told him that it was to be used to bomb the home of police detective O. F. Hoggard, one of the witnesses in question, and asked Hanford's assistance in preparing the dynamite for explosion. Hanford agreed to forgive an earlier loan of $100.00 made to Smith if Smith would go ahead with the plan. After an unsuccessful experiment and acting on a suggestion from Martindale, Smith and Hanford finally secured the dynamite into a bundle containing a firecracker which was expected to detonate the explosives. Martindale had left the scene during this packaging and Smith telephoned him to be assured about Martindale's promise to pay Smith even though the drug trial had been concluded. Martindale renewed his promise. Smith and another individual, Faulkner, borrowed an automobile, drove to O. F. Hoggard's house and, after several attempts, managed to cause the firecracker to explode. The dynamite did not detonate. Both Smith and Faulkner were witnesses for the State.

Defendant Martindale's evidence tended to show that Martindale saw Smith at the home of a mutual friend and talked to Smith about repaying $7.00 Martindale had borrowed from Smith at an earlier date. Martindale denied ever having any conversation with Smith regarding the bombing of either witness involved in Martindale's trial for drug offenses. He denied seeing any dynamite or bomb on the day in question. He admitted taking Smith to a house where Smith picked up a paper bag but denied knowing what was in the bag.

Defendant Hanford's evidence tended to show that Hanford did assist Smith in packaging the sticks of dynamite together with a firecracker but Hanford denied that he knew of the plan to damage the policeman's house with the explosives until after Smith and Faulkner returned from placing the bomb.

Hanford denied offering to forgive a debt of $100.00 owed him by Smith if Smith would blow up the detective's house. Hanford stated that Smith owed him no money at that time but later borrowed $100.00 from Hanford in the presence of codefendant Bill Stollings and others.

The jury returned a verdict of guilty as charged against both defendants. Hanford was sentenced to 10 to 15 years imprisonment and Martindale was sentenced to 13 to 15 years.

*Attorney General Robert Morgan by C. Diederich Heidgerd, Associate Attorney for the State.*

*W. R. Dalton, Jr., for defendant appellant Hanford.*

*John D. Xanthos for defendant appellant Martindale.*

VAUGHN, Judge.

We first respond to the arguments directed to the sufficiency of the bill of indictment and possible variance between the offense charged, the evidence and the judgment. The indictment, in material part, charges that defendants ". . . on the 29th day of November 1971 . . . did unlawfully, wilfully, feloniously and maliciously conspire, confederate and agree with (persons named) to damage occupied real property by the use of an explosive device, to wit: the dwelling and residence of O. F. Hoggard while said dwelling was being occupied by Detective O. F. Hoggard, Mrs. O. F. Hoggard and their three (3) children, against the form of the statute. . . ."

[1, 2] Conspiracy to commit a felony is a felony. Conviction of a felony for which no specific punishment is provided is punishable by fine, by imprisonment for a term not exceeding 10 years or by both in the discretion of the court. G.S. 14-2. Among other things, however, G.S. 14-50 provides specific punishment when one "conspires with another wilfully and maliciously to damage any real or personal property of any kind or nature belonging to another by the use of any explosive or incendiary device or material." The specific punishment provided for such conspiracy is imprisonment for not more than 15 years, without regard to whether the subject property is occupied. The statute does not require that the owner of the property be named in the indictment but only that it be property belonging to one other than defendant. In *State v. Conrad*, 275 N.C.

342, 168 S.E. 2d 39, the court discusses the differences between G.S. 14-49 and G.S. 14-49.1 and states if the property was occupied at the time of the explosion, the indictment should describe the property and name the occupant and also list any other property also injured. This was directed to be done so that if proof of occupancy failed, the jury could consider the lesser included offense of malicious injury to unoccupied property under G.S. 14-49. In the present case, however, defendants are charged with conspiracy under G.S. 14-50 (b) and not with the actual wilful and malicious injury to the real property in question. We hold that the indictment properly charges the offense punishable under G.S. 14-50. There is no variance between the indictment and the evidence and judgment was properly entered on the verdict.

[3]   Several weeks prior to trial, an order was entered disposing of a number of pre-trial motions made by defendants. The following was included in the order (to which no objection was made or exception taken prior to the preparation of the case on appeal) : "4. Upon the statement of the Solicitor that the State relies upon the theory of the case as disclosed in the preliminary hearing, and it appearing that counsel for each defendant has been furnished a transcript of the preliminary hearing, the motion of each defendant for a bill of particulars is denied."

Defendants contend that it was error to allow the State to offer evidence tending to show that defendants paid or offered money as an inducement to Smith to go forward with the plan to dynamite the property when such testimony had not been offered at the preliminary hearing. Assignments of error brought forward in support of this contention are overruled. The State is not required to present its entire case at a preliminary hearing and there is no showing that such evidence, though not offered at the preliminary hearing, is inconsistent with the "theory of the case as disclosed in the preliminary hearing." Moreover, defendants did not raise this question at trial and cannot first do so on appeal.

[4]   During the course of the trial, counsel for defendant, Hanford, announced that he would like to call Stollings, a co-defendant. Counsel for co-defendant Stollings promptly objected and the jury was excused. The court then ruled that Stollings, a defendant on trial, could not be required to testify

over his own objection. Nothing was put in the record to show what the testimony of the witness would have been and there was no request that this be done. The jury returned to the courtroom and the trial proceeded. Stollings was a defendant on trial in a criminal action. As such, he could be a competent witness only at his own request and not otherwise. G.S. 8-54. Assignment of error directed to the failure of the court to compel defendant Stollings to testify is overruled.

[5] Defendant Hanford's 13th assignment of error calls attention to the fact that after the State rested its case and after court had adjourned for the day and out of the presence of the jury, the court revoked Hanford's bail and ordered him placed into custody. Such actions are within the discretion of the court and the record discloses no error. *State v. Best*, 11 N.C. App. 286, 181 S.E. 2d 138; cert. denied, 279 N.C. 350, 182 S.E. 2d 582.

Numerous other assignments of error are brought forward and ably argued by counsel for defendants. We hold, however, that defendants were given a fair trial, free of prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.