STATE OF NORTH CAROLINA v. DONALD WINFIELD CLARK AND MICHAEL CONNER

No. 733SC718

(Filed 12 December 1973)

1. Criminal Law § 5— defense of insanity — jury instruction not required

Though defendant presented medical reports to the effect that he had an aggressive personality, that he had been abusive to his family and that his condition had been diagnosed as schizophrenia, chronic undifferentiated, the trial court properly refused to instruct on insanity where there was no evidence that defendant lacked the capacity to distinguish between right and wrong at the time of and in respect to the matter under investigation.

State v. Clark

2. Criminal Law § 6— defense of intoxication — necessity for instruction

Where the evidence tended to show that defendant's breath smelled of alcohol, but his speech was not slurred, he did not stagger, and he appeared to be in full possession of his faculties and knew what he was doing, the trial court was not required to instruct the jury on the defense of intoxication.

APPEAL by defendant Clark from *Rouse, Judge,* at the 16 April 1973 Session of CARTERET Superior Court.

There were criminal actions against two defendants in which both were charged with felonious breaking or entering. The cases were consolidated for trial. As to defendant Michael Conner, the trial court declared a mistrial but proceeded as to Clark.

On the evening of 25 January 1973, the cottage of J. M. Robinson was occupied on "stake-out" by Officer Morris of the Emerald Isle City Police, accompanied by one Dennis Day. While so occupied, the defendant broke in and was apprehended inside the cottage at the top of the stairs leading to a tower on the roof of the cottage.

Immediately upon his apprehension, defendant Clark told Officer Morris that he was a mental patient, a drug addict and a veteran. Later defendant Clark was taken to jail and then to Carteret General Hospital because defendant Clark said that he needed a "fix."

The defendant was examined and then returned to the Carteret County Jail. From a verdict of guilty and a sentence of not less than nine nor more than ten years, the defendant Clark appealed.

*Attorney General Robert Morgan by Assistant Attorney General Raymond W. Dew, Jr., for the State.*

*Hamilton & Bailey by Glenn B. Bailey for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant assigns as error the refusal of the trial court to charge on insanity and intoxication. The defendant presented medical reports to the effect that he had an aggressive personality, had been abusive to his family, and that his condition had been diagnosed as schizophrenia, chronic undifferen-

tiated. However, there is not one shred of evidence that the defendant lacked the capacity to distinguish between right and wrong at the time of and in respect of the matter under investigation. *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969), *sentence modified,* 403 U.S. 948, 91 S.C. 2283, 29 L.Ed. 2d 859 (1971).

[2] The defendant also produced testimony that he had been drinking heavily on the day of his arrest and that he had taken various drugs on the two previous days. However, there was no testimony that the defendant was deranged. The defendant's testimony concerning all events up to the time of his entry into the house is quite clear. Deputy Morris, Mr. Day and Chief of Police Knight all testified that they smelled alcohol on defendant's breath but that his speech was not slurred; he did not stagger; and he appeared to be in full possession of his faculties and knew what he was doing. The trial court is not required to instruct the jury on the defense of intoxication where there was no evidence that defendant's mental processes were deranged by intoxication. *State v. McLain,* 10 N.C. App. 146, 177 S.E. 2d 742 (1970) ; *State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24 (1969) ; *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971), *sentence modified,* 408 U.S. 939, 92 S.C. 2875, 33 L.Ed. 2d 762 (1972) ; *State v. Cureton,* 218 N.C. 491, 11 S.E. 2d 469 (1940).

We have reviewed defendant's other assignments of error and find them without merit.

No error.

Chief Judge BROCK and Judge PARKER concur.