STATE OF NORTH CAROLINA v. MELVIN DOUGLAS WILLIAMS, JR.

No. 7126SC729

(Filed 12 January 1972)

1. Criminal Law § 155.5— failure to docket record on appeal in apt time

Although the trial court extended the time for defendant to serve the case on appeal, the appeal is subject to dismissal where the record on appeal was not docketed within 90 days from the date of the judgment appealed from and the trial court did not extend the time for docketing the record on appeal.

2. Searches and Seizures § 3— warrant to search for narcotics — validity

Warrant to search for narcotics and the attached affidavit were in substantial compliance with statutory and constitutional requirements. G.S. 15-26.

3. Criminal Law § 71— shorthand statement of fact

Testimony by police officers that they went to defendant's "residence" to execute a search warrant was competent as a shorthand statement of fact.

4. Criminal Law § 75— discovery of heroin — defendant's statement "That's all."

The trial court did not err in the admission of testimony that after heroin had been discovered in a search of his apartment, defendant stated, "That's all. There's not anymore," where the statement did not result from interrogation by officers and the evidence supports the trial court's determination that the statement was made freely, understandingly and voluntarily.

State v. Williams

5. Criminal Law § 50; Narcotics § 3— expert testimony — identification of heroin — chain of possession of the evidence

The trial court properly allowed a chemist to give his opinion that two glassine bags found in defendant's apartment contained heroin where the record discloses that the bags were in the possession of the police department at all times prior to the time the white powder contained in the bags was analyzed by the chemist.

APPEAL by defendant from *Beal, Judge,* 14 June 1971 Session of Superior Court held in MECKLENBURG County.

The defendant Melvin Douglas Williams, Jr., was charged in a bill of indictment, proper in form, with the possession of a narcotic drug; to wit, heroin, a felony, in violation of G.S. 90-88. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following: On 16 October 1970, at about 7:00 a.m., several officers from the Charlotte, North Carolina, Police Department, armed with a search warrant, went to the residence of the defendant Melvin Douglas Williams, Jr., at 2612 Pitts Drive, Apartment C, in the City of Charlotte, where they knocked on the door and were admitted by a small child. Officer Correll proceeded upstairs in the apartment where he found the defendant standing nude in the bathroom preparing to shave. After the search warrant had been read to the defendant, the officers searched the apartment. In the bedroom to the right of the bathroom one of the officers found a brown paper bag containing ten packages. Each package contained fifteen small cellophane bags, each of which contained white powder. The "white powdery substance" from two of the bags was analyzed and found to contain the narcotic drug heroin. The defendant offered no evidence. The jury found the defendant guilty as charged, and from a judgment of imprisonment of five years, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Edwin M. Speas, Jr., for the State.*

*Scarborough, Haywood & Selvey by J. Marshall Haywood for defendant appellant.*

HEDRICK, Judge.

[1] The record reveals that the judgment in this case was entered on 17 June 1971. The record on appeal was docketed in the Court of Appeals on 27 September 1971, which was more

than ninety days from the date of the judgment appealed from. Although the record discloses that the court extended the time for the defendant to prepare and serve the case on appeal, and for the State to serve exceptions or countercase, there is nothing in the record indicating an extension of time to docket the record on appeal in the Court of Appeals. Therefore, the appeal is subject to dismissal for the defendant's failure to comply with Rule 5 of the Rules of Practice in the Court of Appeals. However, the appeal is not dismissed, and we consider all the defendant's assignments of error brought forward and argued in his brief.

[2]    The defendant's contention that the court erred in denying his motion to suppress the evidence obtained as a result of the search of the defendant's apartment because the search warrant was invalid is without merit. We hold the search warrant and the attached affidavit are in substantial compliance with statutory and constitutional requirements. G.S. 15-26; *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964) ; *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) ; *State v. Flowers*, 12 N.C. App. 487, 183 S.E. 2d 820 (1971), *cert. denied* 7 Dec. 1971; *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971).

[3]    The court did not err in allowing Officers Correll and Stroud to testify that they went to the defendant's "residence." Although the word "residence" is in the nature of a conclusion, it is competent as a shorthand statement of fact describing where the officers went to execute the search warrant. *State v. Nichols*, 268 N.C. 152, 150 S.E. 2d 21 (1966) ; *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968).

[4]    It was not prejudicial error for the court to allow the State's witnesses to testify that the defendant stated after the search and after his arrest, "That's all. There's not anymore," or there "Ain't anymore." The record reveals the statement was made by the defendant voluntarily and not as a result of any interrogation by the officers; moreover, there is evidence in the record supporting the court's finding and conclusion that the statement was made freely, understandingly and voluntarily.

[5]    The court properly allowed the chemist to testify that in his opinion two of the glassine bags found in the defendant's apartment contained heroin, since the record clearly discloses

that the bags containing the white powder found in the defendant's apartment were in the possession of the Charlotte Police Department at all times prior to the time that the white powder contained in the bags was analyzed by the chemist. *State v. Preston,* 9 N.C. App. 71, 175 S.E. 2d 705 (1970).

There was ample evidence to require the submission of this case to the jury, and the court's instructions to the jury were fair and adequate and free from prejudicial error.

The defendant had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.