STATE OF NORTH CAROLINA v. ELMOND (EDMOND) GABRIEL HARDY, JR.

No. 7218SC773

(Filed 29 December 1972)

1. Searches and Seizures § 4— automobile search under warrant — hostile crowd — continuance of search in another location — no error

   Where a threatening and angry crowd gathered at the scene of defendant's arrest, it was not error for the arresting officers to remove defendant and his automobile to a location two miles away to complete the search of the automobile; therefore, items seized as a result of that search were properly admitted in evidence, and no error was committed in denying defendant's motion to quash the search warrant and suppress the evidence seized pursuant thereto.

2. Criminal Law § 75— failure to give Miranda warnings — in-custody statements admissible

   Where defendant was under arrest but had been given no "Miranda warnings," his statements that he wanted to see what officers could find in a search of his car and that glassine bags of heroin found by officers were all there was to be found were not coerced as a result of a custodial interrogation; rather, the statements were volunteered and were properly admitted in evidence regardless of the fact that no "Miranda warnings" were given the defendant before making them.

APPEAL by defendant from *Seay, Judge*, 5 June 1972 Session of Superior Court held in GUILFORD County.

Defendant was charged in a bill of indictment, proper in form, with the felony of possession of a controlled substance (heroin) with intent to distribute. At the trial of the cause, the State announced its intention to "prosecute and proceed on simple possession of heroin." The defendant pleaded not guilty. Trial was by jury.

The evidence for the State tended to show that Officers Heffinger, Daughtry, Bunton and Gibson of the Greensboro Police Department, armed with a duly issued search warrant,

stopped the defendant's car at the rear of the apartment at 701-B Jennifer Street, Greensboro, about 12:15 a.m. on 16 February 1972. The defendant was driving the automobile and there were two passengers. Officer Heffinger approached the automobile, identified himself as a police officer, and read the search warrant to the defendant. The search warrant commanded the affiant, or other lawful official, to "search Elmond G. Hardy, his person and his residence at 701-B Jennifer St., and his automobile, a 1970 red Oldsmobile, 1972 N.C. Lic. SONNIE, for the property in question." Pursuant to the warrant, Officers Heffinger and Gibson searched the person of the defendant and seized from his right front pants pocket a "bullet projectile that comes from the base of the shell" which had "a small gold-colored spoon at the base of the bullet," with some white powder in it.

Thereafter, the officers began to search defendant's automobile, which was the same automobile as was described in the search warrant. While the automobile was being searched, people came out of nearby apartments, gathered around the car, and cursed loudly, using threatening language toward the officers. Officer Heffinger recovered a loaded .38 caliber pistol and two needles and syringes from underneath the dashboard of the defendant's Oldsmobile near the steering column.

Heffinger placed the defendant under arrest for carrying a concealed weapon. Thereafter, because of the harassment and threatening nature of the crowd gathered around the defendant's automobile, the officers took the defendant and drove the defendant's Oldsmobile and their two unmarked police cars to the premises of the Kirk-Sineath Motor Company about two miles from Jennifer Street, where the search was continued. As a result of the search, the officers recovered some nineteen glassine bags containing a white powder which was analyzed and determined to be the narcotic drug heroin. Defendant offered no evidence.

After his arraignment, at which defendant pleaded not guilty, and the selection of a jury, defendant moved to quash the search warrant upon the grounds of the insufficiency of the affidavit upon which it was based and to suppress the evidence seized pursuant thereto. The motion, after a voir dire hearing, was denied. At the close of all the evidence, the defendant moved for judgment as of nonsuit. The motion was denied. The jury returned a verdict of guilty of the unlawful possession of the

controlled substance heroin. Judgment was entered on the verdict that defendant be imprisoned for a term of five years. Defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Associate Attorney Sherrill for the State.*

*Lee, High, Taylor & Dansby by Herman L. Taylor and Samuel S. Mitchell for defendant appellant.*

MALLARD, Chief Judge.

In the record on appeal the defendant is referred to as Edmond Gabriel Hardy, Jr., as Elmond Gabriel Hardy, Jr., and otherwise. In the search warrant he is referred to as Elmond Gabriel Hardy, Jr. In the bill of Indictment he is referred to as Edmond Gabriel Hardy, Jr. In the title of the Judgment and Commitment on the original record filed wtih the Court of Appeals he is referred to as Edmond (Elmond) Gabriel Hardy. In the title to the defendant's "statement of case on appeal" and in a stipulation signed by his attorney he is referred to as Edmond Gabriel Hardy, Jr. In the title to the appearance bond he signed when he appealed to the Court of Appeals he is referred to as Edmond Gabriel Hardy. However, in places where a reproduction of his signature appears in the original record filed in this office, he appears to have signed his name "Elmond G. Hardy, Jr." In the briefs and record on appeal and during the trial, no objection and no reference was made to the different spellings of the defendant's name. We are of the opinion that if the question had been raised, the doctrine of idem sonans would apply. See 4 Strong, N. C. Index 2d, Indictment and Warrant, § 10.

[1] Defendant assigns as error the denial of his motion to quash the search warrant and to suppress the evidence seized pursuant thereto. Defendant argues in his brief "that the trial court committed prejudicial and reversible error by failing to quash the search warrant and all evidence presumably gathered thereunder *by reason of the unreasonablenesss of the search* and its contravention of rights guaranteed to the defendant by the 4th and 14th Amendments to the United States Constitution and by Section 20 and 23 of Article I of the Constitution of North Carolina." (Emphasis added.) The defendant does not otherwise contend or argue in his brief that the affidavit used to obtain the search warrant was insufficient or that the search

warrant was not properly issued. Defendant argues, however, that the search of the defendant's automobile was conducted in an unreasonable manner in that during the course of the search, the automobile was moved from the parking area near 701-B Jennifer Street to the grounds of the Kirk-Sineath Motor Company, approximately two miles from Jennifer Street, where the search was completed.

After the defendant moved to quash the search warrant, the trial judge conducted a voir dire hearing to determine the validity of the search warrant and the lawfulness of the search. After hearing the evidence and argument, the court made findings of fact and concluded that the affidavit was sufficient, that the search warrant was properly issued and was valid, and that:

" . . . (T)he search was begun there at 701-B Jennifer Street and continued in the vicinity of the Kirk-Sineath Motor Company, being moved by reason of the arrival of a threatening and angry crowd ; . . . that from the evidence and the facts found, the Court concludes that . . . the search was a reasonable search ; . . . and that the reason for changing the location of the search was a valid one . . . ."

We hold that the affidavit used to obtain the search warrant was sufficient, the search warrant was valid, and there was ample evidence to support the findings of fact and conclusions of law made by Judge Seay.

We now consider whether the circumstances of this case made the search unreasonable as a matter of law.

In *State v. Hill*, 278 N.C. 365, 180 S.E. 2d 21 (1971), it is stated that:

"We think it clear that *Chambers* controls the instant case. Here, the police, acting on reliable information, had probable cause to stop the 1964 Fairlane driven by Galloway and arrest him. As in *Chambers*, a careful search of the car was reasonable, but impractical and perhaps dangerous at the time and place of the arrest. The station house search a short time later was fully justified and constituted a lawful search."

*Accord, Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975 (1970) ; *United States v. Chalk*, 441 F. 2d 1277 (4th Cir. 1971), *cert. denied*, 404 U.S. 943.

In the case before us the State's evidence tended to show that an "angry" crowd of people gathered around the officers while they were attempting to search the defendant's automobile there in the dark parking area back of the apartment building. Some of the members of this group were cursing in a loud voice and making threats against the police officers. The police officers properly removed the arrested defendant and his automobile to a less turbulent scene in order to complete the search of the vehicle under the search warrant. This was the exercise by the police officers of proper precautionary measures, and it was not error to complete the search of the defendant's automobile at a more tranquil scene.

It follows, therefore, that items seized as a result of that search were properly admitted in evidence, and no error was committed in denying the motion to quash the search warrant and suppress the evidence seized pursuant thereto. This assignment of error is overruled.

[2] Defendant assigns as error the admission in evidence of inculpatory statements made by defendant after defendant had been arrested and while his automobile was being searched and when the police officers had not informed defendant of his constitutional right to counsel and to remain silent.

Officer J. D. Heffinger of the Greensboro Police Department testified that:

"Before the bags were found, Officer Bunton, who was standing with Mr. Hardy, asked Mr. Hardy if he wanted to go and sit in the police car out of the rain and cold. Mr. Hardy stated that—

DEFENSE COUNSEL: Objection.

COURT: Overruled. EXCEPTION NUMBER E-58.

WITNESS (continuing) : — that he did not, that he wanted to stay there and see what stuff that the officers found. About five or ten minutes passed before the glassine bags were found. As I was counting the bags, Detective Gibson again laid down in the seat and started to reach up under the dash and he said, 'Let me see if I can find anything else.' Mr. Hardy said, 'No, that's all there is.'

MR. TAYLOR: Objection to that and move to strike."

On voir dire examination, the court concluded, on facts properly found and supported by the evidence, that the "response and statement made by the defendant was freely and understandingly and voluntarily made, without coercion; that it was not as the result of an interrogation . . . . Further, that when Officer Gibson found certain glassine bags . . . that the defendant made a spontaneous statement at that time; that the statement was not in response to any questions directed toward him and was not the product of any threat, offer of reward, or intimidation of the defendant," and thereupon overruled the objection and motion to strike.

The issue is whether the circumstances of this case, as a matter of law, rendered the statements inadmissible.

The statements made by defendant to Officers Bunton and Gibson were inculpatory since they admitted, in effect, that defendant had heroin under his control, hidden in his car. Moreover, defendant was under arrest when he made the statements and was in a police dominated atmosphere. However, the fact that defendant was in custody when he made the inculpatory statements does not of itself render them inadmissible. *State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied,* 406 U.S. 974; *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). Voluntariness remains the test of admissibility of inculpatory statements. *State v. Fletcher* and *State v. St. Arnold, supra; State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970). The so-called "Miranda warnings" are only required when a defendant is subjected to a custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R. 3d 974 (1966); *State v. Fletcher* and *State v. St. Arnold, supra; State v. Meadows,* 272 N.C. 327, 158 S.E. 2d 638 (1968). Volunteered statements are competent evidence, and their admission is not barred under any theory of the law, state or federal. *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208 (1972); *State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972); *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972); *State v. Chance,* 279 N.C. 643, 185 S.E. 2d 227 (1971).

Under the totality of the circumstances of this case, the inculpatory statements made by defendant were not coerced as a result of a custodial interrogation; rather, the statements were volunteered and were properly admitted in evidence regardless of the fact that no "Miranda warnings" were given the defendant before making them. This assignment of error is overruled.

Defendant's other assignments of error, including his motion for nonsuit, were not brought forward in the brief and argued; therefore, they are taken as abandoned. Rules of Practice in the Court of Appeals, No. 28.

In the trial we find no prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.