STATE OF NORTH CAROLINA v. JIMMY DEXTER COVINGTON

No. 7414SC349

(Filed 3 July 1974)

1. Constitutional Law § 31—disclosure of identity of confidential informant

In a prosecution for possession, possession with intent to distribute, and manufacture of heroin, the trial court did not err in refusing to order disclosure of the identity of a confidential informant relied upon by the police in procuring a warrant to search defendant's apartment where defendant failed to present reasons for such disclosure other than the right to confront his accuser.

2. Searches and Seizures § 3—search warrant—confidential informant—sufficiency of affidavit

Affidavit based on information furnished a police officer by a confidential informant was sufficient to support the issuance of a warrant to search defendant's apartment for heroin where it described the premises, the defendant and the heroin contained within the premises, and stated that the informant had seen heroin in defendant's apartment and possession on the date the warrant was issued, that the informant had used heroin and could recognize it, and that the informant had furnished information in the past resulting in convictions on drug offenses.

3. Narcotics § 3—use of narcotics paraphernalia—police officer as expert witness

In a prosecution for possession, possession with intent to distribute and manufacture of heroin, the trial court did not err in allowing a police officer who had worked on the vice squad to testify as an expert witness concerning the use of narcotics paraphernalia and the cutting of heroin in the Durham area.

4. Narcotics § 3—possession and manufacture—hypodermic needle and syringe allegedly owned by another

In a prosecution for possession, possession with intent to distribute and manufacture of heroin, the trial court properly admitted a hypodermic needle and syringe found during a search of defendant's apartment but alleged by defendant to be owned and used by another person.

5. Criminal Law § 102—questions by district attorney—absence of prejudice

Defendant was not prejudiced by questions asked him on cross-examination by the district attorney which related to collateral matters and to which objections were sustained.

APPEAL by defendant from *Clark, Judge,* 1 October 1973 Session of Superior Court held in DURHAM County. Argued in the Court of Appeals on 28 May 1974.

State v. Covington

Defendant was tried pursuant to three separate bills of indictment charging him with the unlawful possession of heroin, unlawful possession of heroin with intent to distribute, and unlawful manufacture of heroin. The cases were consolidated for trial.

The State's evidence tends to show that on 14 August 1973, Durham police officers went to defendant's apartment in Durham to execute a search warrant for heroin. Defendant arrived at his apartment between midnight and 1:00 a.m., leaving his German Shepherd dog tied to the front door. Shortly thereafter, one Tommy Noell, his wife, and another female arrived at the apartment. At 2:00 a.m., the officers prepared to enter the apartment and apprehended the defendant who had left the apartment to check on the then-barking dog. Defendant was searched and two packets of white powder were found in the front pocket of his trousers.

Officer Robert Lee Ray then entered the apartment and found Tommy Noell sitting at a table on which there was a plastic bag containing 3-4 grams of marijuana, several two-inch squares of aluminum foil with a small amount of white powder in the center of each, a bottle cap "cooker", an unused needle and syringe, a measuring spoon, and a deck of playing cards. Testimony was given as to the significance of these items as narcotics paraphernalia. The white powder was determined by the SBI Laboratory to be heroin.

At the close of State's evidence, defendant moved for judgment as of nonsuit. The motion was denied.

The defendant testified that the narcotics found on his person were "planted" there by the arresting officer; that the heroin "cooker" was placed in defendant's apartment by the police; and that the raid was prompted by the insistence of the District Attorney, whom defendant alleged was his partner in a heroin-manufacturing operation.

From a verdict of guilty and judgments rendered thereon, defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Webb, for the State.*

*Everett, Everett & Creech, by James B. Craven III for the defendant.*

BROCK, Chief Judge.

**[1]** Defendant contends the trial court committed error in refusing to order disclosure of the identity of the confidential informant, who was relied upon by the police in procuring the search warrant for defendant's apartment. Defendant argues the informant's identity was an indispensable element in preparing his defense and that his constitutional right of confrontation with his accuser was abridged by this nondisclosure.

, "A defendant is not necessarily entitled to elicit the name of an informer from the State's witnesses. (Citation omitted.) The Government's privilege against disclosure of an informant's identity is based on the public policy of 'the furtherance and protection of the public interest in effective law enforcement.' (Citation omitted.) However, the privilege must give way '[w]here the disclosure of the informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause . . . ' (Citation omitted.)" *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53.

Defendant has failed to present reasons for disclosure of the confidential informant's identity other than the right to confront his accuser. This right has been balanced against, and found subservient to, the public interest in protecting the flow of information regarding criminal activities in the community. Absent a showing of necessity for divulgence of the informant's identity, the trial court may properly refuse such requested disclosure. This assignment of error is overruled.

**[2]** Defendant contends the trial court committed error in sustaining the validity of the search warrant and admitting the evidence seized pursuant thereto.

The affidavit to obtain the search warrant was based upon information furnished by an informant to Officer F. R. Wiggins of the Durham Police Department. The affidavit described the premises, the defendant, and the heroin contained within the premises. The informant had seen heroin in defendant's apartment and in defendant's possession on 13 August 1973. The informant had used heroin in the past and could recognize it on sight. The informant had furnished information in the past resulting in arrests and convictions on drug offenses.

This information furnished by the informant describes with reasonable certainty the person and premises to be searched, and

contraband for which a search is to be made. The affidavit goes further in showing instances of past reliability upon the informant. Inasmuch as the affidavit to procure the search warrant and the search warrant itself are not defective, the evidence seized pursuant to the search warrant was properly admitted into evidence. This assignment of error is overruled.

[3] Defendant contends the trial court committed error in allowing a police officer to testify as an expert witness concerning the use of narcotics paraphernalia and the cutting of heroin.

The testimony of the witness cited in defendant's exceptions is a description of the use of such narcotics paraphernalia in general in the drug trade or traffic in Durham, based upon the witness' personal knowledge and experience in working with the Vice Squad for a period of years. The trial court cautioned the jury during the witness' testimony that the jury was not to infer that the particular instruments found in defendant's apartment were used for the preparation of heroin for injection.

The ruling of the trial court in admitting the testimony of Officer Ray amounts to a finding by the court that the witness is qualified to testify concerning the use of narcotics paraphernalia and the cutting of heroin in the Durham area. This is knowledge peculiar to the witness and which would serve to acquaint the jury with the use of the paraphernalia, and would aid the jury in evaluating the evidence presented by the State. This assignment of error is overruled.

[4] Defendant contends the trial court committed error in admitting in evidence a hypodermic needle and syringe alleged by defendant to be owned and used by Tommy Noell, but found in defendant's apartment during the search.

The needle and syringe were part of the paraphernalia discovered by officers in the search of the apartment. Admissibility of evidence is governed by its relevance to the issue. The weight to be given the evidence is determined by the finder of facts. The needle and syringe were admissible as relevant evidence which, along with other narcotics paraphernalia, tended to show the intent of defendant to possess heroin with intent to distribute and intent to manufacture. This assignment of error is overruled.

[5] Defendant, in his final argument, contends the District Attorney made inflammatory and prejudicial remarks which prevented defendant from receiving a fair trial.

A review of the record reveals that none of the questions contended by defendant to be prejudicial were addressed to the offenses with which defendant is presently charged. Although we may admit that some of the questions and the fashion in which they were asked were not in the best manner of detached cross-examination, each such question was objected to, and the trial court properly sustained each of these objections. However, all of these questions dealt with collateral matters and were not prejudicial to defendant's cause. Absent a showing of harmful or prejudicial error, this assignment of error is overruled.

In our opinion, defendant received a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.