STATE OF NORTH CAROLINA v. JOHNNY EDWARD ZIMMERMAN

No. 7414SC614

(Filed 6 November 1974)

1. Criminal Law § 162— admission of evidence — waiver of objection

When evidence is admitted over objection but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost.

2. Criminal Law § 71— "place of residence" — shorthand statement of fact

An officer's references to defendant's "place of residence" were admissible as shorthand statements of fact.

3. Criminal Law § 34— narcotics case — evidence of traffic violation

In a prosecution for possession of marijuana with intent to distribute, defendant was not prejudiced by an officer's testimony that defendant had run a red light.

4. Criminal Law § 84; Searches and Seizures § 1— warrantless search of automobile seat — legality

Where defendant denied living at the address for which officers had obtained a warrant to search for marijuana, and defendant drove an officer to the premises to be searched, the officer lawfully searched the front seat of defendant's car without a warrant and seized a key fitting the door of the premises to be searched after having observed defendant conceal something in the seat of the car, since the officer had probable cause to believe he would discover evidence of defendant's guilt of a crime.

5. Narcotics § 3— possession with intent to distribute — "ounce bags"

In a prosecution for possession of marijuana with intent to distribute, an officer's testimony that seized bags of marijuana are known on the street as "ounce bags" was relevant to the issue of intent to distribute.

State v. Zimmerman

6. Searches and Seizures § 4— seizure of items not listed in warrant — instrumentalities of crime

Police officers lawfully seized cigarette wrapping papers and a smoking pipe while conducting a search pursuant to a warrant authorizing a search for marijuana only, since such items are instrumentalities of a crime pertaining to marijuana.

7. Searches and Seizures § 4— seizure of items not listed in warrant — mere evidence

Officers may lawfully seize an item constituting "mere evidence" while properly executing a search warrant for another item when (1) there exists a nexus between the item to be seized and criminal behavior, (2) the item is in plain view, and (3) the discovery of that item is inadvertent, that is, the officers did not know its location beforehand and intend to seize it.

8. Searches and Seizures § 4— warrant to search for marijuana — seizure of traffic citation

Officers lawfully seized a traffic citation issued to defendant while executing a warrant authorizing a search for marijuana where the citation was in plain view, the officers could have reasonably believed the citation would aid in conviction of defendant by showing that defendant resided at that address, and officers discovered the citation inadvertently while lawfully on the premises.

9. Criminal Law § 75— volunteered statements by defendant — admissibility

The trial court properly admitted statements made by defendant to officers where the court found upon supporting *voir dire* evidence that the statements were volunteered and were not the result of custodial interrogation.

10. Narcotics § 4.5— possession with intent to distribute — failure to instruct on simple possession

In a prosecution for possession of marijuana with intent to distribute, there was no evidence requiring the court to instruct the jury on the lesser included offense of simple possession of marijuana.

DEFENDANT appeals from *Brewer, Judge,* 14 January 1974 Session of DURHAM County Superior Court. Argued in the Court of Appeals on 23 September 1974.

Defendant was indicted for the felonious possession with intent to distribute a controlled substance, to wit: more than 5 grams of marijuana. State's evidence consisted in part of several exhibits purporting to be evidence obtained from the search of an apartment, and one exhibit stipulated by the parties as an SBI lab report which apparently concludes that the green vegetable substance, introduced into evidence, is marijuana. State's evidence also tended to show that Officer Fuller, a Durham

policeman, obtained a search warrant for 604 Barnes Avenue. Fuller went to that address and observed the house for a short time until defendant emerged, got into his car with a co-defendant, and drove off. Fuller followed and later stopped defendant, whereupon defendant was informed of the search warrant. Defendant denied living at 604 Barnes Avenue. At this juncture defendant obligingly drove Officer Ray, another Durham policeman, back to 604 Barnes Avenue in defendant's car. At 604 Barnes Avenue, Officer Fuller asked defendant for a key to the door and defendant replied he did not have one. Officer Ray then produced a key which he had procured from defendant's car. Before entering the house there was some concern expressed as to whether a vicious Doberman dog also resided at 604 Barnes Avenue. Once inside, a search was conducted which produced two caches of marijuana. Officer Fuller testified he showed defendant the smaller package of marijuana and defendant said, "How about leaving my smoking stuff in the fuse box, that is what I use myself." Defendant offered no evidence. From a verdict of guilty of possession of marijuana with intent to distribute and a sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Carson, by Associate Attorney Sammy R. Kirby, for the State.*

*Michael C. Troy, for defendant appellant.*

MARTIN, Judge.

[1, 2] Defendant has numerous assignments of error. First, defendant contends the trial court erred in allowing Officer Fuller to frequently characterize 604 Barnes Avenue as defendant's "house" or "place of residence." The record discloses a number of occasions in which defendant did not object to such a characterization. It is the well established rule that when evidence is admitted over objection but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost. *State v. Owens,* 277 N.C. 697, 178 S.E. 2d 442 (1971). Furthermore, "Although the word 'residence' is in the nature of a conclusion, it is competent as a shorthand statement of fact describing where the officer went to execute the search warrant." *State v. Williams,* 13 N.C. App. 423, 185 S.E. 2d 604 (1972).

[3] Defendant's second assignment of error relates to Officer Fuller's testimony that defendant had run a red light. We fail

State v. Zimmerman

to see how a passing reference to a traffic violation adversely affected the result of this case. The burden is on defendant not only to show error but also to show that the error complained of affected the result adversely to him. *State v. Barrow,* 6 N.C. App. 475, 170 S.E. 2d 563, *aff'd.* 276 N.C. 381, 172 S.E. 2d 512 (1970). This assignment of error is overruled.

[4] Defendant contends the trial court erred in allowing testimony concerning a key taken from defendant's car which opened the front door at 604 Barnes Avenue in that the key was obtained by an illegal search of the car. In the case at bar, Officer Ray observed a furtive movement by which defendant's clinched fist put something down into the front seat of defendant's car. This occurred as defendant and Officer Ray arrived at 604 Barnes Avenue. A furtive movement under certain circumstances can produce legal justification to search a car. Annot., 45 A.L.R. 3d 581 (1972). " 'Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office (citations omitted). The cases so holding have, however, always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search.' *Dyke v. Taylor Implement Manufacturing Co.,* 391 U.S. 216, 20 L.Ed. 2d 538, 88 S.Ct. 1472 (1968)." *State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972). In *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973), the Court sets out circumstances under which a warrantless search may be conducted, and the Court states, "Third, a warrantless search of a vehicle capable of movement may be made by officers when they have probable cause to search and exigent circumstances make it impracticable to secure a search warrant. (Citations.)"

Applying the foregoing rules to the facts of this case, we hold that Officer Ray seized the key pursuant to a lawful search. Defendant drove Officer Ray back to 604 Barnes Avenue, a residence which defendant had disowned, where defendant knew a search for marijuana was to be conducted. On *voir dire* examination, Officer Ray stated he saw defendant conceal something in the front seat of defendant's car. Officer Ray said, "I then went around the other side of the car to see what item he had hidden. I found that he had stuck either one or two keys on a chain which appeared to be common lock-type keys, not a car key, like a house key or door lock key." Thus, while lawfully

present in the car, Officer Ray discovered a key under circumstances where there was probable cause to believe such a key would be evidence of defendant's guilt inasmuch as defendant had denied living at 604 Barnes Avenue. Defendant's third assignment of error is overruled.

[5] In his fourth assignment of error, defendant argues the trial court erred in allowing Officer Fuller to testify concerning the terminology used in connection with marijuana traffic in that such evidence was irrelevant and prejudicial. This assignment of error is overruled. "Strictly speaking, evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." 1 Stansbury, N. C. Evidence, Brandis' Revision, § 77. In the case at bar, the defendant was charged with the felonious possession of a controlled substance with intent to distribute, and Officer Fuller's testimony that the bags of marijuana seized at 604 Barnes Avenue are known on the street as "ounce bags" is relevant to the issue of intent to distribute. *See also State v. Covington*, 22 N.C. App. 250, 206 S.E. 2d 361 (1974), where this Court discusses the competency of a police officer to testify concerning drug traffic in general.

[6] As the fifth assignment of error, defendant argues the trial court erred in denying defendant's motion to suppress the following evidence: cigarette wrapping papers, a smoking pipe, and a traffic citation issued to defendant. These items were seized at 604 Barnes Avenue under a search warrant which only authorized a search for marijuana. Thus, defendant presents the issue whether the trial court erred in admitting into evidence these items which were not particularly described in the search warrant under which authority they were seized. Defendant cites *Marron v. United States*, 275 U.S. 192, 72 L.Ed. 231, 48 S.Ct. 74 (1927), for the general rule that items not particularly described in a search warrant cannot be seized while executing that warrant. This general rule developed from the Fourth Amendment's requirement that a warrant particularly describe the things to be seized. (A similar requirement is found in N.C.G.S. 15-26.) To be more precise, *Marron* prohibits the seizure of one thing under a warrant describing another, subject to the exception that items not described in the warrant can be seized if they are instrumentalities or fruits of crime, or contraband. Narcotics paraphernalia is within the class of instrumentalities and means by which a crime is committed. *United States v. Bridges*, 419 F. 2d 963 (1969). Thus, it appears that

the papers and pipe were not inadmissible under *Marron*. However, the traffic citation is merely evidence that defendant resided at 604 Barnes Avenue, and, therefore, it does not fit within any exceptions to the general rule. The State contends that the traffic citation could be seized under the warrant for marijuana because the Court in *Warden v. Hayden*, 387 U.S. 294, 18 L.Ed. 2d 782, 87 S.Ct. 1642 (1967), eliminated the distinction between "mere evidence" and instrumentalities or fruits of crime.

The Court in *Hayden* permitted the seizure of "mere evidence" during a search incident to a "hot pursuit" and arrest, that is, a lawful but warrantless search. It seems proper to hold that *Hayden* also enlarges the scope of permissible seizures to include "mere evidence" when a search is conducted under a warrant. If it were otherwise, a situation would arise in which the police could seize "mere evidence" pursuant to a lawful search without a warrant but not with a warrant. This would be anomalous when one considers the judicial preference for searches pursuant to a warrant. *But see United States v. Dzialak*, 441 F. 2d 212, *cert. denied*, 404 U.S. 883 (1971). In *Crawford v. State*, 9 Md. App. 624, 267 A. 2d 317 (1970), the Court employed *Hayden* to hold that pawn tickets seized under a search warrant for narcotic drugs and narcotic paraphernalia were admissible as evidence where the police had reason to believe the pawn tickets were incriminating evidence. However, the Court in *Crawford* did not consider *Marron*. We do not believe that the police may, while executing a search warrant, seize an item not mentioned in that warrant merely because it appears to be incriminating. Such an interpretation would appear to vitiate the state and federal constitutional requirements that warrants shall particularly describe the items to be seized at least where the police know beforehand that they are going to seize a particular item not mentioned. In fact, the New York Court of Appeals refused to allow the seizure of a sweater in the course of executing a search warrant for a pistol and referred to *Hayden* as follows:

> "If anything, it reinforces the strength and need for the *Marron* holding. *Hayden* did not involve a search warrant, and at no point was *Marron* discussed by the court. Moreover, *Marron* was cited with approval in *Berger v. New York* (388 U.S. 41, 58), decided after *Hayden* . . . . " *People v. Baker*, 23 N.Y. 2d 307, 244 N.E. 2d 232 (1968).

Nevertheless, we feel that the law respecting the seizure of items not described in a search warrant has undergone some change. See, e.g. State v. Newsom, 284 N.C. 412, 200 S.E. 2d 617 (1973). Therefore, we address ourselves to the proper test under which items not described in a search warrant may be seized.

[7, 8] In executing a search warrant an officer may seize items not described therein, regardless of whether they constitute instrumentalities or fruits of crime, contraband, or mere evidence, at least where there is a *nexus* between the items to be seized and criminal behavior, and where such items are discovered *inadvertently* by the officer, in *plain view*, in the course of a *proper execution* of the warrant. 68 Am. Jur. 2d, Searches and Seizures, § 113, p. 768 (1973). See also Stansbury, N. C. Evidence, Brandis' Revision, § 121a, p. 372. Also, in *State v. Carey*, 285 N.C. 509, 206 S.E. 2d 222 (1974), the Court upheld the seizure of shotgun shells where the officers were lawfully present under an *arrest warrant* and the shells were observed inadvertently in plain view. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022 (1971), involved an invalid search warrant but the plurality opinion stated:

> "If the initial intrusion is bottomed upon a *warrant* that fails to mention a particular object, *though the police know its location and intend to seize it,* then there is a violation of the express constitutional requirement of 'Warrants . . . particularly describing . . . [the] things to be seized.' " (Emphasis added.)

We note the negative inference in the above quote which indicates that an inadvertent discovery of items not mentioned in a warrant does not violate the "particularity requirement." Thus, we hold it is permissible to seize an item, constituting "mere evidence" while *properly* executing a search warrant for another item when (1) there exists a nexus between the item to be seized and criminal behavior, and (2) the item is in plain view, and (3) the discovery of that item is inadvertent, that is, the police did not know its location beforehand and intend to seize it. In the case at bar, the officers seized the traffic citation in plain view, which they could have reasonably believed would aid in the conviction of defendant, and obviously they discovered it inadvertently while lawfully on the premises pursuant to a search warrant. Defendant's fifth assignment of error is overruled.

State v. Zimmerman

[9] In his sixth, seventh, and ninth assignments of error, defendant argues the trial court erred in admitting into evidence statements made by defendant to Officers Fuller and Ray. The trial court correctly ruled on *voir dire* examination that the statements were voluntary and not the result of custodial interrogation. "Volunteered statements are competent evidence, and their admission is not barred under any theory of the law, state or federal."*State v. Hardy,* 17 N.C. App. 169, 193 S.E. 2d 459 (1972).

Defendant's argument in his eighth assignment of error is without merit.

[10] Finally, defendant contends the trial court erred in instructing the jury on possession of marijuana with intent to distribute while not instructing on simple possession of a smaller amount of marijuana. It may be that possession of marijuana is a lesser included offense of possession with intent to distribute. *State v. Aikens,* 22 N.C. App. 310, 206 S.E. 2d 348 (1974), *cert. granted,* 285 N.C. 662, 207 S.E. 2d 763 (1974). However, we find no evidence to support a charge on simple possession of marijuana. "The trial court is not required to charge the jury upon the question of the defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees." 3 Strong, N. C. Index 2d, Criminal Law, § 115, p. 21. The mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice. *State v. Wilson,* 14 N.C. App. 256, 188 S.E. 2d 45 (1972). Defendant's remaining assignments of error have no merit and are overruled.

No error.

Chief Judge BROCK and Judge PARKER concur.