# COURT OF APPEALS

OF

# NORTH CAROLINA

AT

# RALEIGH

---

STATE OF NORTH CAROLINA v. WILLIE HUDSON McNAIR

No. 7420SC963

(Filed 5 March 1975)

1. **Searches and Seizures § 3— warrant to search for marijuana — sufficiency of affidavit**

   An affidavit was sufficient to support issuance of a warrant to search defendant's premises for marijuana where the affidavit stated that a confidential informer had told affiant within the past seventy-two hours that he had seen marijuana in 'an area of the premises closed to the public, and the affidavit stated that the affiant had given reliable information on two previous occasions.

2. **Searches and Seizures § 4— warrant to search for marijuana — seizure of other items proper**

   Officers' search of defendant's restaurant did not exceed the scope of the warrant to search for marijuana where officers seized marijuana but also found in plain view and seized evidence consisting of scales, papers, envelopes and plastic bags.

3. **Criminal Law § 34— possession of marijuana on other occasions — cross-examination of defendant proper**

   The trial court in a prosecution for possession of marijuana did not err in allowing the State to cross-examine defendant concerning other instances of possession of marijuana where the district attorney did not ask whether defendant had ever been accused of possession of marijuana but instead asked whether defendant had possessed marijuana on other occasions.

1

4. **Criminal Law § 102— district attorney's jury argument — no prejudice**

   Though counsel is allowed wide latitude in making its argument to the jury, counsel may not travel outside the record and argue facts not in evidence; argument of the district attorney in this case was not prejudicial.

APPEAL by defendant from *Winner, Judge.* Judgment entered June 1974 in Superior Court, RICHMOND County. Heard in the Court of Appeals 10 February 1975.

Defendant was charged in an indictment with possession of more than one ounce of marijuana. He pleaded not guilty and was tried before a jury. The State offered evidence which showed that on 15 February 1974 law enforcement officers obtained a warrant and conducted a search of premises óccupied by Jabbar's Restaurant, an establishment operated by defendant. In an office area they found a box containing 25.3 grams of green vegetable material later identified as marijuana. In a trash can in the dining area they found seven grams of marijuana. The total amount of marijuana seized and introduced into evidence was 32.3 grams. (There are 31.103 grams in one ounce.) Also seized and introduced into evidence were cigarette papers, plastic bags, manilla envelopes and a set of Hanson scales.

Defendant testified that he had no knowledge of the marijuana in question and denied possessing it. The jury found him guilty as charged, and the court sentenced him to eight months imprisonment. From judgment entered, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, for the State.*

*Chambers, Stein & Ferguson, by James E. Ferguson II, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the search warrant was not based upon a showing of probable cause. When the affidavit supporting a warrant is based on hearsay information, the magistrate must be "informed of underlying circumstances upon which the informant bases his conclusion as to the whereabouts of the articles and the underlying circumstances upon which the officer concluded that the informant was credible. *Jones v. U. S.,* 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725." *State v. Spillars,*

280 N.C. 341, 349-50, 185 S.E. 2d 881, 887 (1971) ; *accord, State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972) ; *State v. Altman.* 15 N.C. App. 257, 189 S.E. 2d 793, *cert. denied* 281 N.C. 759, 191 S.E. 2d 362 (1972). *See also Spinelli v. United States,* 393 U.S. 410 (1969) ; *Aguilar v. Texas,* 378 U.S. 108 (1964).

In the instant case, the affidavit attached to the warrant reads in part as follows:

"D. V. Parker, Special Agent, State Bureau of Investigation, being duly sworn and examined under oath, says under oath that he has probable cause to believe that Willie Hudson McNair has on his premises certain property, to wit: Marijuana, which is included in Schedule VI of the North Carolina Controlled Substances Act the possession of which is a crime, to wit: possession of marijuana.

The property described above is located on the premises described as follows: The premises, known as Jabbar's Restaurant, is a one (1) story cement block structure; green, black, and red in color. Same premises is located on Hwy. 381, Richmond County, approx. 5/10 mile south of the intersection of Hwy. 74 and Hwy. 381, and the same premises is located on the East side of Hwy. 381. The facts which establish probable cause for the issuance of a search warrant are as follows:

. . . Within the past seventy-two (72) hours a confidential sourse [sic] of information contacted affiant concerning his observation of marijuana on the premises of Jabbar's Restaurant. Informant advised affiant that within the past seventy-two (72) hours from the issuance of this search warrant, that he was on the premises of Jabbar's Restaurant and there observed marijuana, informer noted that the marijuana was contained in a box located in a room at the east end of the building, which is not open to the public. Informant has provided affiant with information in the past which has proven accurate and reliable. On June 8, 1973 informant advised affiant the location of a item which had been stolen and as the result of same information, the item was recovered. On or about July 6, 1973 same informant advised affiant that he had observed marijuana on the premises of Jabbar's Restaurant. As the result of same information a search warrant was issued to search

the premises for marijuana. On July 6, 1973 a search of Jabbar's Restaurant was conducted, during which less than five (5) grams of marijuana was found on the premises."

Measuring this affidavit against the above standards, we are of the opinion that it is more than sufficient to support the warrant.

[2] Defendant further contends that the search exceeded the scope of the warrant. We disagree. In *State v. Zimmerman*, 23 N.C. App. 396, 402, 209 S.E. 2d 350, 355 (1974), we held that "it is permissible to seize an item constituting 'mere evidence' while *properly* executing a search warrant for another item when (1) there exists a nexus between the item to be seized and criminal behavior, and (2) the item is in plain view, and (3) the discovery of that item is inadvertent, that is, the police did not know its location beforehand and intend to seize it."

The warrant in question, based on probable cause, authorized the search of defendant's premises for the property in question. The premises were described in the affidavit as "Jabbar's Restaurant . . . a one (1) story cement block structure. . . ." The property was described as marijuana. Clearly, this was not a general search warrant. See *State v. Foye*, 14 N.C. App. 200, 188 S.E. 2d 67 (1972). Pursuant to the warrant, officers searched the office, kitchen and dining room of Jabbar's Restaurant and seized marijuana, which was admissible in evidence. They also found in plain view and seized mere evidence consisting of scales, papers, envelopes and plastic bags, which were admissible as well.

[3] Defendant next contends that the trial court erred in allowing the State to cross-examine him concerning other instances of possession of marijuana. When a defendant takes the stand he is as subject to impeachment as any other witness, and may be questioned about specific acts of misconduct. *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973) ; 1 Stansbury, N. C. Evidence (Brandis rev.), §§ 111-12. But he may not be cross-examined as to prior indictments or accusations. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). The district attorney asked defendant questions such as "Do you possess marijuana at that restaurant?" and "How many times have you bought marijuana?" He did not ask whether defendant had ever been accused of possession of marijuana but instead asked whether defendant had possessed marijuana on other occasions.

Our North Carolina Supreme Court has recognized a distinction between these two forms of questioning. *State v. Williams, supra* at 671, 185 S.E. 2d at 179. We hold that in the instant case the cross-examination was permissible.

[4] Finally, defendant contends that the trial court erred in permitting the district attorney to argue improper, irrelevant and prejudicial matters in his summation to the jury. It is well settled in this jurisdiction that counsel is allowed wide latitude in arguing hotly contested issues. 2 Strong, N. C. Index 2d, Criminal Law § 102, p. 641. Counsel may not "travel outside the record" and argue facts not in evidence. *State v. Christopher,* 258 N.C. 249, 128 S.E. 2d 667 (1962). "But what is an abuse of this privilege must ordinarily be left to the sound discretion of the trial judge, and we 'will not review his discretion unless the impropriety of counsel was gross and well calculated to prejudice the jury,' *State v. Baker,* 69 N.C. 147. (Citations omitted.)" *State v. Bowen,* 230 N.C. 710, 711, 55 S.E. 2d 466, 467 (1949); *accord State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974); *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572, *vacated on other grounds* 408 U.S. 939 (1972). In light of the charge against defendant and the evidence adduced at trial, we hold that the remarks of the district attorney were not so gross or prejudicial as to require a new trial.

No error.

Judges VAUGHN and MARTIN concur.