STATE OF NORTH CAROLINA v. PRESTON WILLIAMS AND ANGELA
MILLANDER

No. 794SC331

(Filed 21 August 1979)

**Searches and Seizures § 40 — warrant to search for heroin — seizure of identifying
materials — validity of seizure**

The State failed to carry its burden of presenting evidence sufficient for
the trial court to determine the validity of a search for and seizure of articles
identifying defendants, including letters addressed to each defendant and
photographs of the defendants, where the warrant under which the search was
made specified heroin as the only item to be seized, and the State did not
establish validity of the seizure under the "plain view" doctrine or any doc-
trine recognizing exigent circumstances which justify a warrantless search and
seizure.

APPEAL by defendants from *Stevens, Judge.* Judgment
entered 16 November 1978 in Superior Court, ONSLOW County.
Heard in the Court of Appeals 27 June 1979.

Defendants were charged and convicted of the felonious
possession of the Schedule I controlled substance heroin with the
intent to manufacture, sell, and deliver. Upon pleas of not guilty,
defendants were brought to trial and found guilty by a duly im-
panelled jury. Defendant Millander was sentenced for a term of
not less than two nor more than five years with a recommenda-
tion for work release. Defendant Williams was sentenced for a
term of not less than three nor more than five years. Both defend-
ants appeal.

*Attorney General Edmisten, by Assistant Attorney General
Ralf F. Haskell, for the State.*

*Hamilton & Sandlin, by Billy G. Sandlin, for defendant ap-
pellant Preston Williams.*

*Gaylor & Edwards, by Jimmy F. Gaylor, for defendant ap-
pellant Angela Millander.*

MORRIS, Chief Judge.

The primary question presented by defendants' appeal is whether certain items, including letters addressed to each defendant and photographs of the defendants, found in a bedroom on the premises at 212-K Maplehurst Road in Jacksonville were lawfully seized during a search pursuant to a search warrant specifying the above-mentioned address. The search warrant described heroin as the only item to be seized.[1] The items were seized in order to provide evidence of the identity of the persons occupying the premises where the heroin was found. The evidence tends to indicate that the defendants exclusively occupied the master bedroom and bath portion of the house trailer. The heroin was found in a "cooker cap" hidden within a lady's hygiene kit underneath a cabinet in the bathroom which is connected with the master bedroom. The letters and pictures were found in the adjoining master bedroom. Defendants contend that the items were not within the scope of the search warrant and were not within the plain view of the officers during their search for the heroin.

The evidence elicited on voir dire is inconclusive as to the validity of the seizure of the items identifying defendants as occupants of the premises. The defendant has not established the invalidity of the warrantless seizure nor has the State established its validity under the "plain view" doctrine or any doctrine recognizing exigent circumstances which justify a warrantless search and seizure. Searches and seizures without a warrant are unreasonable *per se* subject only to a few specific and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). The "plain view" doctrine is just such an exception. *See Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). When the State seeks to justify the warrantless seizure of evidence by one of these exceptions to the warrant requirement, it has the burden of bringing the seizure within an exception. *Coolidge v. New Hampshire, id.; Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed. 2d 409 (1970); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.

---

1. We reject summarily the argument of the State that the application for the search warrant also specified that any items constituting evidence of the identity of persons participating in the crime could be seized. The form of the application provides a blank for listing the items to be seized. Heroin was the only item listed. One or both of the parenthetical phrases appearing after the blank are supposed to be marked to indicate whether the item named is evidence of a crime or evidence of the identity of a party to a crime. Neither parenthetical could support seizure of evidence not specifically itemized in the blank provided for a listing of the items to be seized.

2d 685 (1969); *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753 (1970). *See generally State v. Zimmerman*, 23 N.C. App. 396, 209 S.E. 2d 350 (1974), *cert. denied*, 286 N.C. 420, 211 S.E. 2d 800 (1975).

Because the State failed to carry its burden of presenting evidence sufficient for the trial court to determine the validity of the search for and seizure of the articles identifying defendants, the evidence was not properly admissible in evidence.

Defendants contend that without the incompetent evidence, the State's case was not sufficient to be presented to the jury, and their motions for nonsuit should, therefore, have been granted. This does not necessarily follow. The rule in this State is that, on a motion for nonsuit in a criminal action, the court is to consider *all* evidence admitted which is favorable to the State, regardless of its competency, and that evidence is to be deemed true and considered in the light most favorable to the State with discrepancies and contraditions therein disregarded and with the State entitled to every inference of fact which may be reasonably deduced therefrom. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977), and cases there cited. When the evidence introduced by the State in this case is so considered, without regard to competency, it is ample to carry the case to the jury.

Nevertheless, the error of the court in admitting the evidence of identity was sufficiently prejudicial to entitle defendant to a new trial.

New trial.

Judges PARKER and MARTIN (Harry C.) concur.