STATE OF NORTH CAROLINA, Plaintiff,
v.
JOSE ALUARO PEREZ GONZALEZ, Defendant.
No. COA06-1090
Court of Appeals of North Carolina.
Filed October 2, 2007
This Case not for Publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Elizabeth J. Weese, for the State.
Brian Michael Aus, for defendant-appellant.
STROUD, Judge.
Defendant appeals from the judgment entered upon jury verdicts finding him guilty of three counts of first-degree rape. Defendant contends that the trial court erred by admitting evidence that defendant (1) killed dogs and dumped them in a landfill, and (2) was able to speak English. For the reasons that follow, we conclude that defendant received a fair trial, free of plain or prejudicial error.

Background
Defendant is of Mexican origin, but speaks some English. When the criminal acts occurred, defendant was married to Deborah O. The victim, R., is Deborah O's daughter. Defendant first initiated sexual contact with victim when she was eight years old. They subsequently had sexual intercourse on at least three occasions. The victim was eleven years old at the time of the trial.
On 14 February 2005, the Alamance County Grand Jury indicted defendant for three counts of statutory rape of R. Defendant was tried before a jury in Superior Court, Alamance County on 7 and 8 November 2005. The jury found defendant guilty of three counts of first degree rape. Upon the jury verdict, the trial court sentenced defendant to 240 to 297 months. Defendant appeals.
On appeal, defendant assigns error to two portions of testimony elicited from Deborah O. on direct examination by the State. Specifically, defendant contends that he was prejudiced by testimony that he (1) killed dogs and dumped their bodies in a landfill and (2) was able to speak English, and that he is therefore entitled to a new trial. We disagree.

I.
If evidence is erroneously admitted over a proper objection, a criminal defendant is entitled to a new trial only if the defendant is prejudiced by admission of the evidence. State v. Freeland, 316 N.C. 13, 17, 340 S.E.2d 35, 37 (1986); N.C. Gen. Stat. § 15A-1447(a) (2005). A criminal defendant is prejudiced if "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached." N.C. Gen. Stat. § 15A-1443 (2005).
On direct examination by the State, Deborah O. was questioned about the conversation that took place when victim first alleged to Deborah O. that she had been raped by defendant. The State thenshifted its questioning to Deborah O.'s search for defendant, and what happened when she found him. As Deborah O. was relating the story of where she found defendant, and the route she followed when she took him to the Sheriff's office, the State elicited the following testimony from her:
Q: You took [defendant] to the landfill? What happened at the landfill?
A: [Defendant] kills dogs in our neighborhood that kill our chickens and goats and that's where he dumps them.
. . . .
He kills the animals in our neighborhood because they kill our chickens and our sheeps [sic] and our goats. And that's were he takes them to dump their bodies after he kills them.
[Defense counsel objects on relevance grounds and is overruled by the court.]
So I was  I don't know what's wrong with me. I picked [defendant] up and I took him [to the landfill]. I said, tell me where you want me to leave your body like you do [to the dogs that you kill]. I was throwing up and I was sick and crying. Just smacking him. And I told him, I said, please, God, just kill him and we wouldn't have never been here today.
Defendant argues that the preceding testimony was irrelevant, having no tendency to prove any fact at issue in the trial. Alternatively, he argues that if the evidence was relevant, (1) it was improper character evidence which should have been excluded by Rule 404, or (2) it was unduly prejudicial evidence which should have been excluded under Rule 403. He argues that the evidence sopre judiced the jury against him that he could not have received a fair trial. The State responds that the testimony was relevant as circumstantial evidence because defendant's killing of the dogs was essential to the livelihood of the family and because the testimony gave context to Deborah O.'s statement that she wished defendant were dead.
A trial court errs when it admits irrelevant evidence. N.C. Gen. Stat. § 8C-1, Rule 402 ("Evidence which is not relevant is not admissible."). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." State v. Sloan, 316 N.C. 714, 724, 343 S.E.2d 527, 533 (1986). "Circumstantial evidence tending to connect an accused with the crime" is relevant. State v. Whiteside, 325 N.C. 389, 397, 383 S.E.2d 911, 915 (1989). "However, the inference to be drawn from the evidence must be reasonable." Id.
On the record before us, we perceive no tendency on the part of the foregoing testimony to prove any issue in the case. Though our Supreme Court has held that evidence that a robbery victim sent money to his wife and child tended to show how the victim handled his money, and was therefore relevant to explain the circumstances of the crime, State v. Barden, 356 N.C. 316, 348-49, 572 S.E.2d 108, 130 (2002), the State has not shown how a very tenuous inference that defendant cared for his family is relevant to the case sub judice, especially when defendant objected to the admission of the testimony. Furthermore, while the foregoing testimony does give the context of Deborah O.'s story of how she took defendant to the police station after she heard that he had raped her daughter, it is too far attenuated in time from the rape to be considered circumstantial evidence of the crime.
We conclude that this evidence was irrelevant, and was erroneously admitted.[1] However, "[t]he admission of irrelevant evidence is generally considered harmless error." State v. Melvin, 86 N.C. App. 291, 297, 357 S.E.2d 379, 383 (1987).
In the case sub judice, the State presented ample independent evidence of defendant's guilt at trial to support his convictions. See State v. Maske, 358 N.C. 40, 50, 591 S.E.2d 521, 528 (2004) (holding that when there was "ample evidence of defendant's guilt," the defendant was not prejudiced by the admission of irrelevant evidence). Further, this irrelevant testimony was very brief, and is not likely to have swayed the jury. We therefore conclude that there is no reasonable possibility that if the jury had not heard this brief irrelevant testimony it would have reached a different result. Accordingly, we hold that admission of the above-quoted testimony was harmless.

II.
Defendant also argues that the trial court erred when it admitted the following testimony from Deborah O., also elicited during direct examination by the State:
Q: [W]hen you were talkinglet me ask you a little bit about your marriage to [defendant]. Okay?
A: Yes. Okay.
Q: Do you know Spanish?
A: No, I don't.
Q: How do you communicate with [defendant]?
A: [Defendant] speaks perfect English.
[The trial court sent the jury out, inquired into whether defendant continued to require the services of an interpreter,.] and then brought the jury back in.
Q: Ms. [O.], I believe the last question I asked you [was] about your ability to communicate with your husband?
A: Yes.
Q: And you said he speaks perfect English?
A: Correct.
Q: Does hewell, does [R.] speak Spanish?
A. No.
Q: Does [Defendant] speak English in all of your family affairs?
A: Yes.
[Defense counsel objected and was overruled.]
Q: When you went to get married and undertake any other type of legal proceeding such as licenses and that sort of thing, were you able to understand him?
A: Yes.
Defendant argues that the foregoing testimony was irrelevant, having no tendency to prove any fact at issue in the trial. Alternatively, he argues that if the evidence was relevant it was improper character evidence. In its brief, the State does not dispute that admission of this evidence was error; it contends only that it did not amount to plain error. Therefore, we may assume, without deciding, that admission of this evidence was error.
An objection is lost, and an error not properly preserved for review, "when the same evidence [is] admitted [without objection] on a number of occasions throughout the trial." State v. Brooks, 72 N.C. App. 254, 258, 324 S.E.2d 854, 857 (emphasis in original) (citing State v. Zimmerman, 23 N.C. App. 396, 209 S.E.2d 350, cert. denied, 286 N.C. 420, 211 S.E.2d 800 (1975)), disc. review denied, 313 N.C. 331, 327 S.E.2d 901 (1985). In the case sub judice, the record contained considerable evidence of defendant's ability to speak English, which was not objected to at trial. The detective who arrested defendant testified that his interview with defendant was conducted in English. Furthermore, the jury heard a tape of that interview, which would permit the jurors to decide whether or not defendant spoke English.
However, even though defendant did not properly preserve the error, we will review for plain error as requested by defendant. N.C.R. App. P. 10(c)(4). In conducting plain error review, thisCourt "must examine the entire record and determine if the . . . error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983).
The record in the case sub judice contains considerable evidence of defendant's guilt. Victim testified in great detail as to defendant's actions, and victim's testimony was corroborated by her mother, and by a police detective who interviewed defendant.
In light of all the evidence presented as to defendant's guilt, we conclude that even if this testimony had not been admitted, it is not probable that the jury would have found defendant not guilty. Accordingly, we hold that defendant received a fair trial, free of plain or prejudicial error.
NO ERROR.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] Since we determine that the evidence was irrelevant, we need not reach defendant's contention that it violates Rule 404. We also do not need to address defendant's contention that this evidence should have been excluded under Rule 403, because Rule 403 applies by its terms only to evidence that is otherwise relevant